THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RUSSELL JONES, Defendant-Appellant.

Third District   No. 3—91—0169

Opinion filed March 31, 1992.

Peter A. Carusona, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Burmila, Jr., State's Attorney, of Joliet (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

A jury convicted the defendant, Russell Jones, of first degree murder (Ill. Rev. Stat. 1989, ch. 38, par. 9—1). He was thereafter sen-

tenced to 80 years of imprisonment. He appeals his sentence. We affirm.

The record shows that the defendant, a gang member, killed the victim in a drive-by shooting. At the sentencing hearing, it was established that in November of 1988 the defendant had pled guilty to the offense of aggravated battery. The aggravated battery conviction was based upon his causing bodily harm to an individual while armed with a handgun (Ill. Rev. Stat. 1989, ch. 38, par. 12—4(b)(1)). The victim of the aggravated battery suffered numerous lacerations to the front, back, and side of his head, as well as to his cheek.

Based on the 1988 conviction, the trial court found that the defendant was eligible for an extended-term sentence in the case at hand. The court also found, as aggravating factors, that the defendant had a history of prior criminal activity, and that the sentence to be imposed was necessary to deter others from committing the same crime. Therefore, the court sentenced the defendant to an extended-term sentence of 80 years.

On appeal, the defendant argues that the trial court erred in imposing an extended-term sentence. Specifically, he contends that his prior conviction for aggravated battery was not a forcible felony upon which the extended-term sentence could be based.

The statutory scheme under which the defendant was sentenced provides that a person convicted of first degree murder is eligible to be sentenced to an extended term of imprisonment if he has been convicted within the past 10 years, excluding time spent in custody, of any one of various offenses, including a "forcible felony" which was related to the activities of an organized gang. (Ill. Rev. Stat. 1989, ch. 38, pars. 1005—5—3(c)(2)(J), 1005—5—3.2(b)(7).) " 'Forcible felony' means treason, first degree murder, second degree murder, aggravated criminal sexual assault, criminal sexual assault, robbery, burglary, arson, kidnaping, aggravated battery resulting in great bodily harm or permanent disability or disfigurement and any other felony which involves the use or threat of physical force or violence against any individual." Ill. Rev. Stat. 1989, ch. 38, par. 2—8.

The defendant argues that by limiting aggravated batteries to those based on causing great bodily harm, the legislature intended to exclude all other types of aggravated battery convictions from being considered as a basis for imposing an extended-term sentence. As such, he contends that his aggravated battery conviction, which was based on harm occurring while using a deadly weapon, should not have been used to impose an extended-term sentence. We disagree.

A primary purpose of statutory construction is to ascertain the legislative intent. In seeking the intent of the legislature, the courts will not only consider the language used but also the evil to be remedied and the object to be obtained. *People v. Dednam* (1973), 55 Ill. 2d 565, 304 N.E.2d 627.

██ Here, we do not think the legislature was concerned with the type of aggravated battery the defendant was charged with, but rather was concerned with the harm that resulted from the battery. We also find that the evil to be remedied and the object of the statute is to allow the courts to punish more severely those individuals with a history of harming their victims. This position is supported by the plain language of section 2—8, which includes, along with a number of other crimes, *any* felony involving the use of physical force or violence against any individual.

Accordingly, we find that the legislature intended to include as a "forcible felony" any aggravated battery that involved the use of physical force or violence against an individual. Here, the evidence showed that the defendant's prior aggravated battery involved his victim suffering bodily harm from the defendant's use of physical force against him. We therefore conclude that the trial court could properly consider this conviction as a basis for giving the defendant an extended-term sentence.

We acknowledge, however, that the statute is subject to more than one interpretation. Although we believe our interpretation is what the legislature intended, we would welcome further clarification by the legislature.

██ The defendant also argues that the evidence failed to establish that his prior aggravated battery conviction was related to an organized gang activity. The evidence showed that the defendant, along with several other gang members, "crashed" a party and began displaying various gang signs. This activity provoked a fight with others at the party. The defendant and at least three other members of his gang produced firearms. They repeatedly struck the victim with their weapons and then left the party.

Other evidence showed that the defendant belonged to the "Latin Kings," an organization which encouraged its members to commit crimes for various reasons. One such reason was that members could rise within the command structure of the gang through the commission of violent acts or crimes.

We find that the above evidence was sufficient to support the trial court's finding that the aggravated battery was related to the activi-

ties of an organized gang. As such, we reject the defendant's argument to the contrary.

The judgment of the circuit court of Will County is affirmed.

Affirmed.

STOUDER and McCUSKEY, JJ., concur.