*In re* ANGELIQUE E., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. Angelique E., Respondent-Appellant).

Second District    No. 2—07—0405

Opinion filed April 13, 2009.

Thomas A. Lilien and R. Christopher White, both of State Appellate Defender's Office, of Elgin, for appellant.

John H. Vogt, State's Attorney, of Freeport (Lawrence M. Bauer and Joan M. Kripke, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE JORGENSEN delivered the opinion of the court:

Angelique E. appeals from her adjudication of delinquency and sentence to five years' probation for aggravated battery on a public way (720 ILCS 5/12—4(b)(8) (West 2006))[1] and resisting a peace officer (720 ILCS 5/31—1 (West 2006)). She contends, and the State agrees, that she must be resentenced because the trial court mistakenly believed that five years' probation was the statutorily required minimum sentence. We remand for resentencing.

## I. BACKGROUND

On February 13, 2007, Angelique was tried on charges of aggravated battery and resisting a peace officer in connection with events that happened on June 8, 2006, at a swimming pool. The evidence showed that Terry Cowan, a police officer on "pool patrol," asked Angelique and some other girls to provide their names and leave the area. They refused to do so and attempted to enter the restroom, at which point they were escorted to an office where Cowan told Angelique that she was under arrest. Cowan placed a handcuff on Angelique's wrist and she spun around, broke free, and hit Cowan on the arm. A struggle ensued, and Cowan suffered an abrasion to his left knee and a torn pant leg. He did not seek medical assistance for his injury.

At sentencing, the State argued that aggravated battery was a "forcible felony," requiring a five-year probation term. Angelique's counsel agreed. As a result, the trial court stated: "Because of the nature of this charge, my hands are tied, as well as your attorney indicated, our hands are tied. The minimum period of probation that I can put you on is five years."

The court sentenced Angelique to five years' probation. Angelique moved for reconsideration, alleging that the sentence was excessive,

---

[1]Angelique was initially charged under section 12—4(b)(6) of the Criminal Code of 1961 (720 ILCS 5/12—4(b)(6) (West 2006)), but the charge was later amended to cite section 12—4(b)(8) to match the evidence.

but she did not specifically argue that the court was mistaken in its belief that five years' probation was required. The motion was denied and Angelique appeals.

## II. ANALYSIS

Angelique argues that her aggravated battery was not a forcible felony as a matter of law and that, because the trial court sentenced her under the mistaken belief that a five-year probation term was mandatory, the matter must be remanded for resentencing. The State agrees.

Angelique did not specifically raise the issue in her motion to reconsider. Normally, any sentencing issues not raised in a motion to reconsider the sentence are forfeited. *People v. Moncrief*, 276 Ill. App. 3d 533, 535 (1995). However, "[t]his court may address an otherwise waived issue under the plain error exception to the waiver rule in the following circumstances: (1) when the evidence is closely balanced or (2) when an error is so fundamental a defendant may have been deprived of a fair sentencing hearing." *People v. Washington*, 297 Ill. App. 3d 790, 796 (1998). The potential for a surplus sentence affects the integrity of the judicial process, thus satisfying the second prong of the plain-error rule. See *People v. Harvey*, 211 Ill. 2d 368, 389 (2004). Accordingly, we review the issue for plain error.

Section 5—715(1) of the Juvenile Court Act of 1987 provides that when a term of probation is imposed:

"The period of probation or conditional discharge shall not exceed 5 years or until the minor has attained the age of 21 years, whichever is less, except as provided in this Section for a minor who is found to be guilty for an offense which is first degree murder, a Class X felony or a forcible felony. The juvenile court may terminate probation or conditional discharge and discharge the minor at any time if warranted by the conduct of the minor and the ends of justice; provided, however, that the period of probation for a minor who is found to be guilty for an offense which is first degree murder, a Class X felony, or a forcible felony shall be at least 5 years." 705 ILCS 405/5—715(1) (West 2006).

A forcible felony is defined as:

"[T]reason, first degree murder, second degree murder, predatory criminal sexual assault of a child, aggravated criminal sexual assault, criminal sexual assault, robbery, burglary, residential burglary, aggravated arson, arson, aggravated kidnaping, kidnaping, aggravated battery resulting in great bodily harm or permanent disability or disfigurement and any other felony which involves the use or threat of physical force or violence against any individual." 720 ILCS 5/2—8 (West 2006).

When a sentence falls within the statutory limits for the offense, it will not be disturbed absent an abuse of discretion by the trial court. *People v. Coleman*, 166 Ill. 2d 247, 258 (1995). However, statutory construction presents a purely legal question that we review *de novo*. *People v. Roberson*, 212 Ill. 2d 430, 437 (2004).

"The primary purpose of statutory construction is to determine and give effect to the legislature's intent, while presuming the legislature did not intend to create absurd, inconvenient, or unjust results." *In re B.L.S.*, 202 Ill. 2d 510, 514-15 (2002). "The best indication of legislative intent is the language of the statute." *In re B.L.S.*, 202 Ill. 2d at 515. "If the language of the statute is clear and unambiguous, there is no need to resort to other aids of construction." *In re B.L.S.*, 202 Ill. 2d at 515. "A statute is ambiguous if it is capable of more than one reasonable interpretation." *In re B.L.S.*, 202 Ill. 2d at 515. Criminal statutes are to be construed in favor of the accused, although the construction must not be so rigid as to defeat the intent of the legislature. *People v. Fikara*, 345 Ill. App. 3d 144, 155 (2003).

This court, along with a division of the First District, has held that the definition of "forcible felony" in section 2—8 includes only an aggravated battery that results in great bodily harm, permanent disability, or disfigurement. It excludes an aggravated battery that involves only bodily harm, not great bodily harm. *People v. Rodriguez*, 258 Ill. App. 3d 579, 585 (1994); *People v. Leahy*, 229 Ill. App. 3d 1070, 1075 (1992). A different division of the First District and the Third District have disagreed. See *People v. Hall*, 291 Ill. App. 3d 411, 417-18 (1997) (stating, without any statutory interpretation analysis, that aggravated battery involving use or threat of physical force is a forcible felony); *People v. Jones*, 226 Ill. App. 3d 1054, 1056 (1992) (holding that any aggravated battery involving the use or threat of physical force or violence is a forcible felony, but recognizing that the statute is subject to more than one interpretation).

We continue to abide by our position that section 2—8 includes only aggravated batteries that result in great bodily harm, permanent disability, or disfigurement. Although section 2—8 includes any other felony that involves the use or threat of physical force or violence, "where 'a statute lists the things to which it refers, there is an inference that all omissions should be understood as exclusions.'" *People v. Douglas*, 381 Ill. App. 3d 1067, 1074 (2008), quoting *People v. O'Connell*, 227 Ill. 2d 31, 37 (2007). Thus, in *Leahy*, we addressed the issue of when a person may use deadly force to avoid a forcible felony as defined by section 2—8 and stated: "When the legislature designated a subset of aggravated batteries that would justify deadly force, it clearly demonstrated that it did not mean to provide a

justification in the case of *any* battery on a public way." (Emphasis in original.) *Leahy*, 229 Ill. App. 3d at 1075.

Here, the parties agree that there was no evidence that the aggravated battery resulted in great bodily harm, permanent disability, or disfigurement. Yet the trial court sentenced Angelique to a five-year probation term on the mistaken belief that it was required to do so. By stating that its hands were tied, the court indicated that it would have imposed a shorter term had it been correctly informed about the law. Further, under the mistaken belief that a forcible felony was at issue, Angelique would not be able to have her probation terminated until she served the entire five-year term, while, under the correct application of section 5—715(1), her probation could be terminated earlier. Accordingly, we remand for resentencing in accord with *Leahy* and *Rodriguez*.

## III. CONCLUSION

We affirm the adjudication of delinquency entered by the circuit court of Stephenson County. However, we vacate the sentence and remand for resentencing.

Affirmed in part and vacated in part; cause remanded.

BURKE and HUDSON, JJ., concur.