2016 IL App (1st) 140496

THIRD DIVISION
February 24, 2016

No. 1-14-0496

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 12 CR 20348 |
| | ) | |
| ARTEZE SMITH, | ) | Honorable |
| | ) | Thomas M. Davy, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE MASON delivered the judgment of the court, with opinion.
Justices Fitzgerald Smith and Lavin concurred in the judgment and opinion.

**OPINION**

¶ 1    Following a bench trial, defendant Arteze Smith was found guilty of unlawful use of a weapon (UUW) by a felon and sentenced as a Class X offender to nine years' imprisonment. On appeal, he contends that his conviction should be reduced from a Class 2 felony to a Class 3, and the matter remanded for resentencing because his prior conviction of aggravated battery to a peace officer was not a forcible felony that could enhance his conviction for UUW by a felon. We agree and remand for resentencing.

¶ 2    Defendant was convicted on evidence showing that at 7 p.m. on October 21, 2012, Chicago police officer Michael Wrobel and his partner, Officer LaDonna Simmons, initiated a vehicle stop in the vicinity of 91st Street and Racine Avenue because the driver was not wearing a seatbelt. Defendant, a passenger in the vehicle, exited the car and fled. Officer Wrobel pursued defendant on foot, and when he was five feet away from defendant, he observed defendant make

a motion with his right hand, and saw a handgun fly out from defendant's body. Officer Wrobel pointed his gun at defendant, told him to stop and get down on the ground. Defendant eventually complied with this order, and the handgun was retrieved by Officer Simmons. When assisting officers arrived on the scene, defendant was taken into custody. The State then introduced a certified copy of defendant's 2006 conviction for aggravated battery to a peace officer, which was admitted without objection.

¶ 3     At the close of evidence, the court found defendant guilty on all counts. The court sentenced defendant as a Class X offender to nine years' imprisonment on count I, UUW by a felon. In announcing sentence, the court noted that defendant was previously convicted of aggravated battery to a peace officer which was the predicate offense for the charge of UUW by a felon.

¶ 4     On appeal, defendant contends that this court should reduce his conviction from a Class 2 felony to a Class 3, and remand his case for resentencing because his prior conviction for aggravated battery to a peace officer was not a forcible felony as required to enhance the offense. Defendant acknowledges that he failed to preserve this issue for review (*People v. Enoch*, 122 Ill. 2d 176, 186 (1988)), but contends that his sentence is void and may be attacked at any time. We observe that the supreme court recently abolished the void-sentence rule in *People v. Castleberry*, 2015 IL 116916, *abrogating People v. Arna*, 168 Ill. 2d 107 (1995), and, accordingly, defendant's voidness contention fails.

¶ 5     Defendant further contends that we should consider the matter under the second prong of plain error review. The plain error doctrine is a narrow and limited exception to the general forfeiture rule. *People v. Herron*, 215 Ill. 2d 167, 178 (2005). In the sentencing context, we may

consider forfeited errors where the evidence is closely balanced or the error is so fundamental it may have deprived defendant of a fair sentencing hearing. *People v. Thomas*, 178 Ill. 2d 215, 251 (1997). The burden of persuasion remains with defendant, and the first step in plain error review is to determine whether any error occurred. *People v. Lewis*, 234 Ill. 2d 32, 43 (2009).

¶ 6    Defendant was convicted of UUW by a felon under section 24-1.1(a) of the Criminal Code of 2012 (Code) (720 ILCS 5/24-1.1(a) (West 2012)). The sentencing portion of that statute provides, in relevant part, that violation of this section by a person not confined in a penal institution who has been convicted of a forcible felony is a Class 2 felony. 720 ILCS 5/24-1.1(e) (West 2012). Section 2-8 of the Code (720 ILCS 5/2-8 (West 2012)) defines "forcible felony," as treason, first degree murder, second degree murder, predatory criminal sexual assault of a child, aggravated criminal sexual assault, criminal sexual assault, robbery, burglary, residential burglary, aggravated arson, arson, aggravated kidnaping, kidnaping, aggravated battery resulting in great bodily harm or permanent disability or disfigurement and any other felony which involves the use or threat of physical force or violence against any individual.

¶ 7    Defendant contends that his underlying aggravated battery conviction is not a forcible felony because it did not result in great bodily harm or permanent disability or disfigurement. As evidence, he points out that his prior conviction was for aggravated battery to a peace officer pursuant to section 12-4(b)(18) of the Criminal Code of 1961 (720 ILCS 5/12-4(b)(18) (West 2010), now codified at 720 ILCS 5/12-3.05(d)), which occurs when defendant commits a battery and knows the individual harmed to be an officer engaged in the performance of his duties. A person commits battery if he, in relevant part, caused bodily harm to an individual or makes physical contact of an insulting or provoking nature. 720 ILCS 5/12-3 (West 2012). Defendant

has supplemented the record with the indictment and mittimus entered in that case, which confirm that he was charged with, found guilty of, and sentenced for aggravated battery causing bodily harm to a police officer, a Class 3 felony.

¶ 8    The State responds that the language of the statute defining forcible felony–"any other felony which involves the use or threat of physical force or violence against any individual"– includes aggravated battery to a peace officer, and that in this case defendant struck the officer about the head and body which constituted physical force or violence. The State acknowledges the split among the appellate courts of this State as to whether aggravated battery is a forcible felony under the residual clause of section 2-8 of the Code (720 ILCS 5/2-8 (West 2012)).

¶ 9    In *People v. Jones*, 226 Ill. App. 3d 1054, 1056 (1992), the Third District found that aggravated battery involving use or threat of physical force (but not resulting in great bodily harm or permanent disability or disfigurement) is a forcible felony. The court noted that the legislature was concerned with the harm that resulted from the battery and not the type of aggravated battery, and that the evil to be remedied and the object of the statute is to allow the courts to punish more severely those individuals with a history of harming their victims. *Id.* The court found this position "supported by the plain language of [the forcible felony statute], which includes, along with a number of other crimes, *any* felony involving the use of physical force or violence against any individual." (Emphasis in original.) *Id.* However, in reaching this conclusion, the Third District conceded that the statute could be subject to more than one interpretation, and that it would welcome further clarification by the legislature. *Id.* See also *People v. Hall*, 291 Ill. App. 3d 411, 418 (1997) (reaching the same result, but without any statutory interpretation analysis).

¶ 10    More recently, this court found in *People v. Schmidt*, 392 Ill. App. 3d 689 (2009), that aggravated battery to a peace officer is not a forcible felony within the statutory definition. In reaching that conclusion, this court noted that the forcible felony statute enumerates specific felonies, followed by a residual clause for "any other felony which involves the use or threat of physical force or violence against any individual," and determined that, by using the word "other" after listing 14 specific felonies, the legislature clearly intended the residual category to refer to felonies not previously specified. (Internal quotation marks omitted.) *Id.* at 695. It was further noted in *Schmidt* that, "before 1990, the statutory definition of forcible felony included *all* aggravated batteries, but in 1990 the legislature amended the statute by adding the phrase "'resulting in great bodily harm or permanent disability or disfigurement'" after specifically including aggravated battery as a forcible felony. *Id.* at 696. (quoting Pub. Act 86-291, § 1 (eff. Jan. 1, 1990)).  By enacting the 1990 amendment, this court determined that the legislature had expressed its intent to limit the number and types of aggravated batteries that would qualify as forcible felonies. *Id.*

¶ 11    We find the reasoning in *Schmidt* persuasive and agree that the legislature intended the residual category of the forcible felony statute to refer to felonies not previously specified in the preceding list of felonies contained within that section. See also *In re Rodney S.*, 402 Ill. App. 3d 272, 287 (2010); *In re Angelique E.*, 389 Ill. App. 3d 430, 433-34 (2009). As applied here, where defendant's prior conviction of aggravated battery to a peace officer was not based on great bodily harm or permanent disability or disfigurement, we find that it was not within the statutory definition of a forcible felony, and that the trial court erred in using it to enhance defendant's present aggravated battery conviction to a Class 2 offense.

¶ 12    In reaching this conclusion, we have considered the State's argument that the definition of forcible felony simply operates as an aid to the application of, *inter alia*, self-defense and felony murder statutes and must remain sufficiently elastic to fulfill the distinct purposes of those statutes. We have also considered the State's further contention that the disparate outcomes reached in *People v. Rodriguez*, 258 Ill. App. 3d 579, 585 (1994), and *Hall,* 291 Ill. App. 3d 411, are reconcilable where both properly effectuated the intent of the legislature and properly defined "'forcible felony'" within the matrix of the self-defense and felony murder statutes, respectively. We disagree. As noted, the conclusion in *Hall* that aggravated battery involving use or threat of physical force was a forcible felony was reached without any analysis (*Hall*, 291 Ill. App. 3d at 418), and in *Rodriguez*, 258 Ill. App. 3d at 585, this court held that aggravated battery not resulting in great bodily harm is not a forcible felony, noting that simple battery upon a public way was intentionally omitted from the definition of forcible felony. This holding is consistent with later findings that the plain language of the forcible felony statute includes only some aggravated batteries as forcible felonies. See, *e.g.*, *In re Angelique E.,* 389 Ill. App. 3d at 433-34 (aggravated battery that results in bodily harm and not great bodily harm, permanent disability or disfigurement, not included in forcible felony definition).

¶ 13    Notwithstanding, the State further maintains that finding that aggravated battery to a peace officer using physical force or violence or threat of such under the residual clause of the forcible felony statute would be harmonious with the legislature's intent to protect peace officers and more harshly penalize aggravated battery to a peace officer. In support of its argument, the State notes that the legislature amended the aggravated battery statute in 2005 to increase the classification of aggravated battery to a peace officer that did not result in great bodily harm or

permanent disability or disfigurement from a Class 3 felony offense to a Class 2 offense (720 ILCS 5/12-4 (West 2010)).

¶ 14    We observe, however, that in this case, defendant was not convicted of aggravated battery to a peace officer, but UUW by a felon, and that the goal to more harshly punish the battery of a peace officer was achieved by the legislative enactment making aggravated battery a Class 3 felony offense generally, but a Class 1 felony if the victim is a peace officer. 720 ILCS 5/12-3.05(a)(1), (a)(3), (h) (West 2012). Furthermore, as explained, the legislature amended the forcible felony statute in 1990 by adding the phrase, "resulting in great bodily harm or permanent disability or disfigurement," to aggravated battery, and by so doing, expressed its intent to limit the number and types of aggravated batteries that would qualify as forcible felonies. *Schmidt,* 392 Ill. App. 3d at 696.

¶ 15    We, therefore, conclude that the court erroneously enhanced the class of the offense of which defendant was convicted where his underlying conviction of aggravated battery to a peace officer was not a forcible felony. *In re Angelique*, 389 Ill. App. 3d at 433-34. The court's misapplication of the law amounted to plain error because it affected defendant's fundamental right to liberty, and we thus vacate the sentence imposed and remand for resentencing. *People v. McMann*, 305 Ill. App. 3d 410, 414 (1999); *People v. Hausman*, 287 Ill. App. 3d 1069, 1071-72 (1997). Having so concluded, we need not address defendant's alternate contention that his trial counsel was ineffective for failing to object to the court's classification of the underlying offense.

¶ 16    We also reject the State's contention that defendant was not prejudiced where his sentence of nine years' imprisonment fell within the statutory range for a Class 3 felony. Defendant was sentenced as a Class X offender based on his two prior Class 2 felonies which

had a sentencing range of 6 to 30 years' imprisonment (730 ILCS 5/5-5-3 (West 2012)), and without the enhancement to a Class 2 offense, the sentencing range would have been less, *i.e.*, 2 to 10 years' imprisonment (720 ILCS 5/24-1.1(e) (West 2012)). In addition, defendant was sentenced to three years of mandatory supervised release (MSR) based on Class X sentencing, as opposed to one year if he had been sentenced on a Class 3 felony offense. *Cf.* 730 ILCS 5/5-4.5-40(*I*) to 5-8-1(d)(3) (West 2012).

¶ 17    The State further contends that defendant cannot show that he was prejudiced because of the error where he was also convicted of Class 2 aggravated UUW for this offense. The State thus claims that if the court had not enhanced the classification of the UUW offense, defendant would likely have been sentenced on the aggravated UUW conviction as a Class X offender. But the court merged the aggravated UUW count into UUW by a felon then erroneously sentenced defendant on that conviction as a Class X offender. Defendant appealed that final judgment, and based on the findings set forth above, we will not speculate as to what the trial court might have done, but rather merely remand the cause for resentencing.

¶ 18    In sum, we affirm defendant's conviction for UUW by a felon, reduce the offense to a Class 3 felony, vacate the sentence imposed, and remand the cause for resentencing on that conviction.

¶ 19    Affirmed as modified; vacated in part; remanded with directions.