# Illinois Official Reports

## Appellate Court

---

### *People v. Crosby*, 2017 IL App (1st) 121645

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RONALD CROSBY, Defendant-Appellant. |
| District & No. | First District, Second Division<br>Docket No. 1-12-1645 |
| Filed | June 13, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-CR-1817; the Hon. Domenica A. Stephenson, Judge, presiding. |
| Judgment | Reversed. |
| Counsel on Appeal | Michael J. Pelletier, Patricia Mysza, and Patrick F. Cassidy, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg, Annette Collins, and John E. Nowak, Assistant State's Attorneys, of counsel), for the People. |
| Panel | JUSTICE MASON delivered the judgment of the court, with opinion. Presiding Justice Hyman and Justice Pucinski concurred in the judgment and opinion. |

**OPINION**

¶ 1    This case comes to us following a jury trial, a direct appeal, a supervisory order, and three rounds of supplemental briefing. It has been over six years since defendant Ronald Crosby was charged with the crimes of armed habitual criminal (AHC) and unlawful use of a weapon by a felon (UUWF) and over five years since his conviction and sentencing for AHC. For the reasons that follow, we reverse Crosby's conviction.

¶ 2                                                  BACKGROUND

¶ 3    Crosby was charged with four counts of UUWF and AHC based on the events of December 31, 2010, when two Chicago police officers responded to a disturbance call at 1119 South Mozart Street. The officers entered the building and found Crosby inside the third floor apartment, holding a handgun and attempting to empty it out. When the officers instructed Crosby to drop the weapon and show his hands, Crosby fled, but he was caught after he jumped out of the bedroom window.

¶ 4    The charging instrument cited two prior felonies as the predicate offenses for Crosby's AHC charge: a 2001 conviction for Class 4 AUUW and a 2003 conviction for aggravated battery of a police officer. With regard to the UUWF charges, two counts were premised on Crosby's 2001 conviction, and two counts were premised on the 2003 conviction. The State represents that before trial, it nol-prossed the UUWF count based on Crosby's 2001 conviction for Class 4 AUUW.[1] Ultimately, the State proceeded to trial on the AHC count as well as one count alleging UUWF based on Crosby's possession of a firearm after having been convicted of aggravated battery in 2003. The parties entered into a stipulation that the two prior felonies were "qualifying offenses under the Armed Habitual Criminal Statute."

¶ 5    Following a jury trial, Crosby was acquitted of UUWF and found guilty of being an AHC. On May 11, 2012, the trial court denied Crosby's motion for a new trial and sentenced him to eight years' imprisonment.

¶ 6    Crosby appealed, arguing (1) Judge Evelyn Clay abused her discretion when she denied Crosby the right to represent himself, (2) the trial court erred in permitting impeachment of defense witness Keona Montgomery, and (3) he was subjected to improper double enhancement where the same prior felony convictions were used to prove an element of the AHC offense and served as an aggravating factor in determining his sentence. Finally, in a supplemental brief filed after our supreme court's decision in *People v. Aguilar*, 2013 IL 112116, Crosby argued for reversal of his AHC conviction because it was predicated in part on his earlier conviction for aggravated unlawful use of a weapon (AUUW) under a statute that the *Aguilar* court found to be unconstitutional.

¶ 7    On March 12, 2014, we reversed Crosby's AHC conviction, relying on *Aguilar*. *People v. Crosby*, 2014 IL App (1st) 121645-U, ¶ 4. In light of our conclusion, we did not address the other issues on appeal. *Id.* at ¶ 2.

¶ 8    On September 28, 2016, the supreme court denied the State's petition for leave to appeal but directed us to vacate our March 2014 order and reconsider it in light of *People v.*

_____

[1]Our review of the record revealed no support for this representation, but we accept it as true.

*McFadden*, 2016 IL 117424. We permitted the parties to file supplemental briefs regarding *McFadden*.

¶ 9 Following the completion of briefing, we set this matter for oral argument in March 2017, at which point Crosby moved to file a third supplemental brief, arguing for the first time that his 2003 conviction for aggravated battery to a peace officer could not serve as a predicate offense for his AHC conviction and seeking to be relieved of the effect of his trial counsel's stipulation. The parties have now fully briefed this issue.

¶ 10                                                    ANALYSIS

¶ 11 Of the numerous issues raised over the course of three years of briefing, we find the final issue argued—the effect of Crosby's stipulation to his 2003 conviction of aggravated battery of a peace officer—dispositive and so do not consider Crosby's other arguments for reversal or a new trial.

¶ 12 A defendant commits the offense of AHC when he possesses a firearm after having been convicted of two or more of the following offenses:

> "(1) a forcible felony as defined in Section 2-8 of this Code;
>
> (2) unlawful use of a weapon by a felon; aggravated unlawful use of a weapon; aggravated discharge of a firearm; vehicular hijacking; aggravated vehicular hijacking; aggravated battery of a child ***; intimidation; aggravated intimidation; gunrunning; home invasion; or aggravated battery with a firearm ***; or
>
> (3) any violation of the Illinois Controlled Substances Act or the Cannabis Control Act that is punishable as a Class 3 felony or higher." 720 ILCS 5/24-1.7(a) (West 2010).

¶ 13 Aggravated battery of a peace officer is not among the specified offenses listed under subsection (a)(2) or (a)(3) of section 1.7, nor does it qualify as a "forcible felony as defined in Section 2-8." See *People v. Smith*, 2016 IL App (1st) 140496, ¶ 11; *People v. Schmidt*, 392 Ill. App. 3d 689, 695-96 (2009); see also 720 ILCS 5/2-8 (West 2010) (defining forcible felony as "treason, first degree murder, second degree murder, predatory criminal sexual assault of a child, aggravated criminal sexual assault, criminal sexual assault, robbery, burglary, residential burglary, aggravated arson, arson, aggravated kidnaping, kidnaping, aggravated battery resulting in great bodily harm or permanent disability or disfigurement and any other felony which involves the use or threat of physical force or violence against any individual."). In *Schmidt*, we explained that because section 2-8 of the Criminal Code of 1961 "specifically enumerated aggravated battery resulting in great bodily harm or permanent disability or disfigurement, 'other felony' must refer to felonies other than aggravated battery." *Schmidt*, 392 Ill. App. 3d at 695. Because Crosby's conviction for aggravated battery of a peace officer was not based on "great bodily harm or permanent disability or disfigurement" and was not an "other felony," it does not satisfy the definition of forcible felony, and it cannot serve as a predicate offense to support a conviction of AHC.

¶ 14 While Crosby, through counsel, stipulated in February 2012 that his conviction for aggravated battery of a peace officer *was* a qualifying offense for purposes of AHC, the State concedes that his conviction for AHC should nevertheless be reversed, as absent the stipulation, it could not have proved Crosby guilty of the crime.

¶ 15     But the State goes on to argue that we should reduce Crosby's conviction for AHC to the lesser included offense of UUWF and remand to the trial court for sentencing. The State acknowledges that Crosby was "inexplicably" acquitted of UUWF based on his 2003 conviction, but contends that this does not preclude us from reducing his conviction to UUWF based on his *2001* conviction. We disagree.

¶ 16     The UUWF statute prohibits a person who "has been convicted of a felony under the laws of this State or any other jurisdiction" from possessing a firearm or firearm ammunition on his person or on his land or place of business. 720 ILCS 5/24-1.1(a) (West 2010). Unlike the AHC statute, a defendant need not be convicted of certain limited prior felonies in order to be subject to its provisions. Instead, if a defendant has been convicted of *any* prior felony, the UUWF statute prohibits him from possessing a firearm or firearm ammunition. *Id.* As our supreme court explained in *McFadden*, the language of the UUWF statute "requires the State to prove only 'the defendant's felon status,' " and "does not require the State to prove the predicate offense at trial." *McFadden*, 2016 IL 117424, ¶ 27 (quoting *People v. Walker*, 211 Ill. 2d 317, 337 (2004)).

¶ 17     Here, when the State elected to prosecute Crosby for UUWF premised on Crosby's 2003 conviction, it had to prove only (1) that Crosby possessed a firearm and (2) that Crosby had previously committed a felony. The jury did not believe the State met its burden of proof and acquitted Crosby of this charge. The State now asks that we enter a conviction and remand for sentencing on a UUWF offense that, though it is premised on a different prior felony conviction, still requires proof of the same two elements.

¶ 18     We agree with Crosby that this runs afoul of double jeopardy, which prohibits a second prosecution for the same offense following acquittal. *People v. Henry*, 204 Ill. 2d 267, 283 (2003). To determine what constitutes the "same offense," our supreme court has adopted the same-elements test first described in *Blockburger v. United States*, 284 U.S. 299 (1932). See *People v. Sienkiewicz*, 208 Ill. 2d 1, 4-5 (2003). The test inquires "whether each offense contains an element not contained in the other; if not, they are the same offense and double jeopardy bars additional punishment and successive prosecution." *Id.* at 5. Here, both UUWF offenses—the one of which Crosby was acquitted (predicated on his 2003 felony), and the one the State now contends is a lesser-included offense of AHC (predicated on his 2001 felony)—contain the same elements, and the prohibition against double jeopardy precludes us from entering a conviction on the latter following Crosby's acquittal of the former.

¶ 19     For these reasons, we reverse Crosby's AHC conviction outright.

¶ 20                                    CONCLUSION

¶ 21     Reversed.