# Illinois Official Reports

## Appellate Court

---

### *People v. Ephraim*, 2018 IL App (1st) 161009

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DONZELL EPHRAIM, Defendant-Appellant. |
| District & No. | First District, First Division<br>Docket No. 1-16-1009 |
| Filed | March 19, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 13-CR-16403; the Hon. Thomas J. Byrne, Judge, presiding. |
| Judgment | Reversed in part; mittimus corrected. |
| Counsel on Appeal | Michael J. Pelletier, Patricia Mysza, and Patrick F. Cassidy, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg and Clare Wesolik Connolly, Assistant State's Attorneys, of counsel), for the People. |
| Panel | PRESIDING JUSTICE PIERCE delivered the judgment of the court, with opinion.<br>Justices Harris and Simon concurred in the judgment and opinion. |

**OPINION**

¶ 1        Following a bench trial, defendant Donzell Ephraim was found guilty of armed habitual criminal (AHC) (720 ILCS 5/24-1.7(a) (West 2012)), aggravated fleeing or attempting to elude a peace officer (625 ILCS 5/11-204.1(a)(4) (West 2012)), and three counts of aggravated unlawful use of a weapon (AUUW) (720 ILCS 5/24-1.6(a)(1), (a)(3)(C); (a)(2), (a)(3)(C) (West 2012)). The court sentenced defendant to concurrent prison terms of 12 years for AHC, 6 years for the AUUW convictions, and 3 years for aggravated fleeing or attempting to elude a peace officer. On appeal, defendant contends that the State failed to prove him guilty of AHC because his conviction was predicated on his prior conviction for aggravated battery to a peace officer, which is not a qualifying offense for AHC. He therefore requests we reverse his AHC conviction. We reverse defendant's conviction for AHC.

¶ 2        At trial, Chicago police officer Matthew Mellett testified that, on August 16, 2013, at about 10:22 p.m., when he was on patrol in his squad car, he heard gunshots in the area of "5741 South Laflin." At that location, people told Mellett, "they were shooting," pointing to a "green Buick Le Sabre." Mellett turned on his lights and sirens and pursued the vehicle, which went through two red lights and did not stop. The vehicle eventually stopped because it "spun out" after it tried to turn. Mellett went to the vehicle and observed defendant in the driver's seat.

¶ 3        Chicago police officer Steven Hefel testified that, at about 10:22 p.m., on August 16, 2013, he and his partner were alerted to a "police pursuit," so they went to a location where they could observe it. At Hefel's parked location, he saw a police car following a "green Buick La Sabre [*sic*]" and, as the vehicle approached Hefel's car, the driver, identified as defendant, stretched his arm outside the driver's side window and "released" a "blue steal [*sic*] handgun."

¶ 4        After the police cars passed him, Hefel went to the location where he saw the gun drop and identified it as "blue steel 357 revolver." He stayed with the gun until the evidence technician arrived at the scene to recover it. Hefel then went to the location where the car chase ended and identified the Buick LeSabre as the vehicle he saw drive by him. Later, he went to the police station and identified defendant as the person he saw drop the gun.

¶ 5        The State presented a stipulation that Chicago police officer Philip Ryder, the evidence technician, recovered a "Ruger Blackhawk handgun" and "6 expended shell casings" from that firearm. The court admitted into evidence a certified record from the Illinois State Police showing that defendant had never been issued a Firearm Owner's Identification (FOID) card.

¶ 6        The court also admitted into evidence certified copies of defendant's prior convictions. People's Exhibit No. 7 was a conviction, in case No. 98-CR-0977701, for aggravated battery to a peace officer, and People's Exhibit No. 8 was "a conviction under case number 08-CR-0640501 for the offenses of unlawful use of a weapon by a felon, two counts of that, and three counts of aggravated unlawful use of a weapon by a felon."

¶ 7        The court found defendant guilty of AHC, aggravated fleeing or attempting to elude a peace officer, and three counts of AUUW. The court denied defendant's motion for a new trial and sentenced him to prison terms: 12 years for AHC, 6 years for the AUUW convictions, and 3 years for aggravated fleeing or attempting to elude a peace officer. The court stated that "Count Two, Three, Four," the AUUW convictions, would "merge into Count One," the AHC conviction, and the aggravated fleeing or attempting to elude a peace officer would be served concurrently with the "merged" AUUW and AHC.

¶ 8 Defendant contends, and the State concedes, that the State did not prove him guilty of AHC because his conviction was based on his prior conviction for aggravated battery to a peace officer, which is not a qualifying offense under the AHC statute. Defendant requests we vacate his AHC conviction and correct the mittimus to show the six-year sentence for the AUUW convictions. Defendant does not challenge his convictions for AUUW or aggravated fleeing or attempting to elude a peace officer.

¶ 9 On appeal, when we review the sufficiency of the evidence, the question is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis omitted.) *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The State must prove "every essential element of the crime beyond a reasonable doubt." *People v. Lozano*, 2017 IL App (1st) 142723, ¶ 30.

¶ 10 To prove defendant guilty of AHC, the State had to prove that he possessed a firearm after having been convicted of two or more of the following offenses:

"(1) a forcible felony as defined in Section 2-8 of this Code;

(2) unlawful use of a weapon by a felon; aggravated unlawful use of a weapon; aggravated discharge of a firearm; vehicular hijacking; aggravated vehicular hijacking; aggravated battery of a child as described in Section 12-4.3 or subdivision (b)(1) of Section 12-3.05; intimidation; aggravated intimidation; gunrunning; home invasion; or aggravated battery with a firearm as described in Section 12-4.2 or subdivision (e)(1), (e)(2), (e)(3), or (e)(4) of Section 12-3.05; or

(3) any violation of the Illinois Controlled Substances Act [(720 ILCS 570/100 *et seq.* (West 2012))] or the Cannabis Control Act [(720 ILCS 550/1 *et seq.* (West 2012))] that is punishable as a Class 3 felony or higher." 720 ILCS 5/24-1.7(a) (West 2012).

See *People v. Crosby*, 2017 IL App (1st) 121645, ¶ 12.

¶ 11 The information charging defendant with AHC cited two predicate felony convictions for the charge: a 1998 conviction for aggravated battery to peace officer and a 2008 conviction for unlawful use of a weapon by a felon (UUWF) (720 ILCS 5/24-1.1 (West 2008)). At trial, the State presented certified copies of defendant's prior convictions for aggravated battery to a peace officer in 1998 and UUWF in 2008. The parties do not dispute that defendant's AHC conviction was based on these prior two convictions.

¶ 12 The offense of aggravated battery to a peace officer is not an enumerated offense described in subsection (a)(2) or (a)(3) of the AHC statute. Therefore, to qualify as predicate offense for AHC, the prior aggravated battery to a peace officer conviction must be a "forcible felony" under section 2-8 of the Criminal Code of 2012 (Code) (720 ILCS 5/2-8 (West 2012)). See *People v. White*, 2015 IL App (1st) 131111, ¶ 28 (domestic battery was not expressly enumerated in the AHC statute so it had to constitute a "forcible felony" to be a qualifying offense for AHC).

¶ 13 Section 2-8 defines "[f]orcible felony" as

"treason, first degree murder, second degree murder, predatory criminal sexual assault of a child, aggravated criminal sexual assault, criminal sexual assault, robbery, burglary, residential burglary, aggravated arson, arson, aggravated kidnaping, kidnaping, aggravated battery resulting in great bodily harm or permanent disability or

- 3 -

disfigurement and any other felony which involves the use or threat of physical force or violence against any individual." 720 ILCS 5/2-8 (West 2012).

¶ 14    We conclude that defendant's conviction for aggravated battery to a peace officer without proof that the underlying battery resulted in great bodily harm or permanent disability or disfigurement does not qualify as a forcible felony under section 2-8. Aggravated battery to a peace officer is not specifically enumerated in section 2-8 as a forcible felony. See *Crosby*, 2017 IL App (1st) 121645, ¶ 13. "[A]ggravated battery resulting in great bodily harm or permanent disability or disfigurement" is an enumerated offense in the forcible felony definition. 720 ILCS 5/2-8 (West 2012); see *Crosby*, 2017 IL App (1st) 121645, ¶ 13. The offense of aggravated battery can be based on the status of the victim without proof that the battery resulted in great bodily harm or permanent disability or disfigurement. ("A person commits aggravated battery when, in committing a battery, other than by discharge of a firearm, he or she knows the individual battered to be *** (4) [a] peace officer ***." 720 ILCS 5/12-3.05(d)(4) (West 2012).) However, there is nothing in the record that shows, and the parties do not argue otherwise, that defendant's prior conviction for aggravated battery to a peace officer resulted in "great bodily harm or permanent disability or disfigurement" to a peace officer. Thus, because the prosecution did not prove beyond a reasonable doubt that defendant's prior conviction for aggravated battery to a peace officer resulted in "great bodily harm or permanent disability or disfigurement," it is not an enumerated offense in the forcible felony definition. (Internal quotation marks omitted.) *Crosby*, 2017 IL App (1st) 121645, ¶ 13.

¶ 15    Further, defendant's conviction for aggravated battery to a peace officer does not qualify as an offense in the "residual clause" of the forcible felony definition, which includes "any other felony which involves the use or threat of physical force or violence against any individual." 720 ILCS 5/2-8 (West 2012); see *White*, 2015 IL App (1st) 131111, ¶ 40 (referring to this clause in the forcible felony definition as a "residual clause"). As this court explained in *People v. Schmidt*, 392 Ill. App. 3d 689, 695 (2009), "by using the word 'other' after listing 14 specific felonies, the legislature clearly intended the residual category to refer to felonies not previously specified." Thus, "[w]here the statute specifically enumerated aggravated battery resulting in great bodily harm or permanent disability or disfigurement, 'other felony' must refer to felonies other than aggravated battery." *Schmidt*, 392 Ill. App. 3d at 695.

¶ 16    Looking to the history of the statute, *Schmidt* noted that, before the legislature amended the forcible felony statute in 1990, the "statute provided that *all* aggravated batteries constituted forcible felonies." (Emphasis in original.) *Schmidt*, 392 Ill. App. 3d at 696. But when the legislature amended the statute, it "added the phrase 'resulting in great bodily harm or permanent disability or disfigurement' after 'aggravated battery,' " thus expressing its "intent to limit the number and types of aggravated batteries that would qualify as forcible felonies." *Schmidt*, 392 Ill. App. 3d at 696 (quoting Pub. Act 86-291 (eff. Jan. 1, 1990) (amending 720 ILCS 5/2-8)).[1]

---

[1]*Schmidt* noted, " '[a]lthough we believe our interpretation is what the legislature intended, we would welcome further clarification by the legislature.' " *Schmidt*, 392 Ill. App. 3d at 696 (quoting *People v. Jones*, 226 Ill. App. 3d 1054, 1056 (1992) (in which the court concluded that the definition of forcible felony included "any aggravated battery that involved the use of physical force or violence against an individual")).

¶ 17        In *People v. Smith*, 2016 IL App (1st) 140496, ¶¶ 10-11, this court agreed with the reasoning in *Schmidt*, finding that the "legislature intended the residual category of the forcible felony statute to refer to felonies not previously specified in the preceding list of felonies contained within that section." Applying *Schmidt*, *Smith* concluded that, because the defendant's aggravated battery to a peace officer conviction was not based on great bodily harm or permanent disability or disfigurement, it did not meet the definition of a forcible felony. *Smith*, 2016 IL App (1st) 140496, ¶ 11.

¶ 18        More recently, in *Crosby*, 2017 IL App (1st) 121645, ¶ 13, following *Schmidt* and *Smith*, this court concluded that, because the defendant's conviction for aggravated battery of a peace officer was not based on "great bodily harm or permanent disability or disfigurement," it was not considered an "other felony" under section 2-8 and therefore did "not satisfy the definition of forcible felony." (Internal quotation marks omitted.) The *Crosby* court therefore concluded that the defendant's conviction could not serve as a predicate offense to support the AHC conviction. *Crosby*, 2017 IL App (1st) 121645, ¶ 13.

¶ 19        Following *Schmidt*, *Smith*, and *Crosby*, we find that, because defendant's prior conviction for aggravated battery to a peace officer was not proven to be based on a finding of "great bodily harm or permanent disability or disfigurement," his conviction does not meet the definition of a "forcible felony" under section 2-8 as it is not an enumerated offense in the definition and does not qualify as an "other felony" in the residual clause. Accordingly, because defendant's conviction for aggravated battery to a peace officer is not an enumerated offense in the AHC statute and does not meet the definition of forcible felony in section 2-8, it cannot serve as a predicate offense to support his AHC conviction. See *Crosby*, 2017 IL App (1st) 121645, ¶ 13. We, therefore, reverse and vacate defendant's conviction for AHC.

¶ 20        Defendant also argues, and the State concedes, that remand for resentencing is unnecessary because the court already sentenced him to six years in prison for the three AUUW convictions. Although the mittimus only reflects defendant's 12-year sentence for AHC and 3-year sentence for aggravated fleeing or attempting to elude a peace officer, defendant asserts the sentence the trial court issued prevails over the sentence provided in the mittimus. He therefore argues that, in addition to vacating his AHC conviction, we should issue an amended mittimus to reflect his six-year sentence for AUUW.

¶ 21        We agree that remand for resentencing is unnecessary because the record shows the court already issued concurrent sentences on defendant's convictions for AUUW and aggravated fleeing or attempting to elude a peace officer. As previously noted, at sentencing, the court orally sentenced defendant to prison terms for his convictions: 12 years for AHC, 6 years for the three AUUW convictions, and 3 years for aggravated fleeing or attempting to elude a peace officer, to be served concurrently with the "merged" AUUW and AHC counts.

¶ 22        Although the trial court sentenced defendant to six years in prison for the AUUW convictions, the mittimus only reflects defendant's sentences for AHC and aggravated fleeing or attempting to elude a peace officer. Because the trial court's oral pronouncement controls (*People v. Jones*, 376 Ill. App. 3d 372, 395, (2007)), pursuant to our authority under Illinois Supreme Court Rule 615(b), we order the clerk of the circuit court to correct the mittimus to reflect that the circuit court sentenced defendant to six years in prison for the three AUUW convictions.

¶ 23    For the reasons stated above, we reverse and vacate defendant's AHC conviction and order the mittimus corrected to show a six-year sentence of imprisonment on the AUUW counts.

¶ 24    Reversed in part; mittimus corrected.