**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 170718-U

Order filed February 6, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-17-0718 Circuit Nos. 17-CF-280 and 17-JD-38 |
| GARY A. IRBY, | ) ) ) | Honorable Mark E. Gilles and Paul P. Gilfillan, |
| Defendant-Appellant. | ) | Judges, Presiding. |

_____

PRESIDING JUSTICE LYTTON delivered the judgment of the court.
Justices Holdridge and O'Brien concurred in the judgment.

_____

**ORDER**

¶ 1        *Held*:   The juvenile court did not receive evidence of the sentence range that defendant would face in criminal court before it granted the State's motion to transfer the case, and the record does not establish substantial compliance with Illinois Supreme Court Rule 402.

¶ 2        Defendant, Gary A. Irby, appeals from his convictions for armed robbery and home invasion. Defendant argues: (1) remand is required for a new juvenile transfer proceeding, and (2) the court failed to admonish defendant pursuant to Illinois Supreme Court Rule 402 (eff. July

1, 2012)) before his stipulated bench trial that was tantamount to a guilty plea. We reverse and remand.

¶ 3                                                    I. BACKGROUND

¶ 4        On February 13, 2017, the Stated filed a three-count juvenile delinquency petition that charged defendant, who was then 14 years old, with armed robbery (720 ILCS 5/18-2(a)(2) (West 2016)), home invasion causing injury (*id.* § 19-6(a)(2)), and home invasion with a dangerous weapon (*id.* § 19-6(a)(1)). Thereafter, the State filed a motion to transfer the case to criminal court. 705 ILCS 405/5-805(3) (West 2016). During the transfer hearing, the State said that defendant faced a sentence for each offense of 6 to 30 years' imprisonment, with the potential for a 15-year firearm enhancement.

¶ 5        The evidence at the transfer hearing established that on February 4, 2017, defendant and two other young black males knocked on the door of the home of 75-year-old Harry Irwin. The men asked to speak with an individual Irwin did not know, and the smallest man produced a gun. The men pushed and hit Irwin, and the tallest of the three men took Irwin's wallet. The attack caused bruising to Irwin's head. The next day, some of the men were apprehended at a nearby shopping mall after they used Irwin's debit card.

¶ 6        Additional evidence from the transfer hearing showed that defendant was adjudicated delinquent in August 2016 and placed on probation. Defendant's probation officer testified that defendant had been expelled from school two or three times, had missed one of his counseling sessions, had tested positive for marijuana, and had trouble maintaining communications with the probation officer.

¶ 7         Defendant's mother, Stacy Runyon, testified that defendant grew up without his father. Defendant lived with Runyon and his five siblings. Runyon believed that defendant would benefit from counseling and drug treatment services.

¶ 8         In its ruling, the court stated that it had considered the statutorily required transfer factors. The court found, in relevant part, that the offenses carried a potential sentence of 6 to 30 years' imprisonment "with the possibility of an additional 15 years regarding the offenses alleged to have been involving a handgun." The court granted the State's motion to transfer the case.

¶ 9         The cause proceeded to a stipulated bench trial on the charges of armed robbery and home invasion causing injury. The court told defendant that if the case went to trial, he faced a sentence range of 21 to 75 years' imprisonment on each of the two charges, and the court could order that the sentences be served consecutively for a combined sentence range of 42 to 150 years' imprisonment. Defendant indicated that he understood the sentence ranges.

¶ 10        The stipulated evidence was the same as that presented during the transfer hearing. The parties also stipulated that Travis Harmon and Jimmy Williams would testify that defendant had a gun at the time of the robbery. Defendant stipulated that this evidence was sufficient to convict. The court found that the stipulation was sufficient to establish defendant's guilt of both offenses. The court imposed the parties' agreed sentence of 22 years' imprisonment.

¶ 11                                    II. ANALYSIS

¶ 12                                         A.

¶ 13        Defendant argues his convictions must be vacated and the cause remanded for a new juvenile transfer hearing because the juvenile court was unaware that defendant would face a maximum possible sentence of 150 years' imprisonment following a criminal conviction. The State partially confesses error, but argues, without citation to authority, that defendant's

3

convictions need not be vacated before the juvenile court conducts a new transfer hearing. We review the juvenile court's decision to transfer the case for an abuse of discretion. *People v. Moore*, 2011 IL App (3d) 090993, ¶ 29.

¶ 14    Under the Juvenile Court Act of 1987 (Act), a minor may be prosecuted as an adult if the juvenile court determines, in its discretion, that there is probable cause to believe that the allegations in the transfer motion are true and it is not in the best interest of the public to proceed under the Act. 705 ILCS 405/5-805(3)(a) (West 2016). The Act enumerates a series of factors, and the court must receive and consider evidence as to each factor. See *Moore*, 2011 IL App (3d) 090993, ¶¶ 18, 20. One factor the court must consider is "the potential term of defendant's sentence as an adult." *Id.* ¶ 27; see also *People v. Clark*, 119 Ill. 2d 1, 14 (1987).

¶ 15    Here, the record establishes that the parties erroneously advised the juvenile court that, if the case were transferred, defendant would face a maximum potential sentence of 45 years' imprisonment. However, defendant faced a maximum combined sentence of 150 years' imprisonment.

¶ 16    The juvenile delinquency petition alleged that defendant had committed the Class X felony of armed robbery. 720 ILCS 5/18-2(a)(2) (West 2016). This charge had a base sentence of 6 to 30 years' imprisonment. 730 ILCS 5/5-4.5-25(a) (West 2016). Because defendant used a firearm in committing the offense, the charge also had a 15-year firearm enhancement. 720 ILCS 5/18-2(b) (West 2016); 730 ILCS 5/5-4.5-25(a) (West 2016). However, the court had the discretion to decline to impose the firearm enhancement because defendant was under the age of 18 at the time of the offense. 730 ILCS 5/5-4.5-105(b) (West 2016). Additionally, defendant's sentence was extendable by 30 years because the victim was over 60 years old. *Id.* §§ 5-5-3.2(b)(3)(ii), 5-8-

4

2(a). Therefore, the potential sentence range for the charge of armed robbery was 6 to 75 years' imprisonment.

¶ 17    The juvenile delinquency petition also alleged that defendant had committed the Class X felonies of home invasion causing injury and home invasion while armed with a dangerous weapon. 720 ILCS 5/19-6(a)(1), (a)(2), (c) (West 2016). While both of these charges carried the base Class X sentence range of 6 to 30 years' imprisonment (730 ILCS 5/5-4.5-25(a) (West 2016)), the more serious charge, home invasion while armed with a dangerous weapon, was subject to extended-term sentencing (see *People v. Jordan*, 103 Ill. 2d 192, 207 (1984)), and the discretionary imposition of a 15-year firearm enhancement (720 ILCS 5/19-6(a)(3), (c) (West 2016)). Therefore, the sentence for home invasion of a person over 60 years old while armed with a firearm was 6 to 75 years' imprisonment. Additionally, the criminal court could order defendant to serve the home invasion while armed with a dangerous weapon sentence consecutive to the armed robbery sentence. 730 ILCS 5/5-8-4(c)(1) (West 2016). This would subject defendant to an aggregate consecutive sentence range of 12 to 150 years' imprisonment, and overall sentence range of 6 to 150 years' imprisonment.

¶ 18    We agree with the parties that the juvenile court was unaware of the applicable maximum sentence at the time of the transfer hearing. Moreover, as defendant's sentence following a criminal conviction was a factor the juvenile court was required to consider, its decision to transfer the case was the result of an abuse of discretion because it was based on incorrect sentencing information. Accordingly, we reverse the juvenile court's transfer ruling and remand the cause for a new transfer hearing. This ruling does not independently require vacatur of defendant's convictions as the supreme court has stated that "[p]roper disposition of the conviction depends on

the outcome of the new transfer hearing following remand." *People v. Brown*, 225 Ill. 2d 188, 202 (2007).

¶ 19                                                                      B.

¶ 20        Defendant argues his stipulated bench trial was tantamount to a guilty plea, and the court erred in failing to admonish him pursuant to Illinois Supreme Court Rule 402 (eff. July 1, 2012). Defendant acknowledges that he forfeited review of this issue, but he contends that this admonishment error is reversible under the second prong of the plain error rule. The State concedes that defendant's stipulated bench trial was tantamount to a guilty plea, but it argues that defendant did not demonstrate prejudice sufficient for reversal under the plain error rule.

¶ 21        An issue that is not raised by a defendant in a motion to reconsider sentence is deemed forfeited on appeal. *In re Angelique E.*, 389 Ill. App. 3d 430, 432 (2009). However, a court's failure to give the Rule 402 admonishments may constitute plain error, an exception to the forfeiture rule. *People v. Davis*, 145 Ill. 2d 240, 250 (1991); *People v. McCracken*, 237 Ill. App. 3d 519, 520 (1992). The first step in a plain error analysis is to determine whether a clear or obvious error has occurred. *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007). Where a clear or obvious error has occurred, a defendant must demonstrate that the error was prejudicial and therefore reversible. See *People v. Thompson*, 238 Ill. 2d 598, 613 (2010). While a defendant may make this showing under the first or second prong of the plain error rule (*e.g.*, *People v. Darr*, 2018 IL App (3d) 150562, ¶¶ 49-50)), in this case, defendant solely argues for reversal under the second prong. That is, the error "was so serious it affected the fairness of the trial and challenged the integrity of the judicial process." *People v. Sebby*, 2017 IL 119445, ¶ 50.

¶ 22        A stipulated bench trial becomes tantamount to a guilty plea where the State's entire case is presented by stipulation and defendant stipulates that the evidence is sufficient to convict.

*People v. Campbell*, 208 Ill. 2d 203, 218 (2003). Where a stipulated bench trial is tantamount to a guilty plea, the court is required to admonish defendant pursuant to Illinois Supreme Court Rule 402(a) (eff. July 1, 2012). *People v. Smith*, 59 Ill. 2d 236, 242 (1974). The Rule 402(a) admonishments are intended to ensure that defendant understands the stipulation, the rights he is waiving, and the consequences of the stipulation. *People v. Campbell*, 2015 IL App (3d) 130614, ¶ 16. Rule 402(a) requires the court to inform defendant of and determine that he understands: (1) the nature of the charge; (2) the minimum and maximum sentence including "the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences;" (3) that he has the right to plead not guilty; and (4) if he stipulates the evidence is sufficient to convict, he waives the right to a trial by jury, and the right to confront the witnesses against him. Ill. S. Ct. R. 402(a) (eff. July 1, 2012). While substantial compliance with Rule 402(a) is sufficient to satisfy due process, an imperfect admonishment is reversible error where real justice has been denied or defendant has been prejudiced. *People v. Whitfield*, 217 Ill. 2d 177, 195 (2005).

¶ 23 The parties agree that the court incorrectly advised defendant of the minimum and maximum sentences where it admonished defendant that he could receive a sentence of 21 to 150 years' imprisonment. However, the State argues that this error does not warrant reversal of defendant's convictions because defendant did not establish prejudice.

¶ 24 After reviewing the record, we agree with the parties that the court's admonishment did not substantially comply with Rule 402(a) as it did not accurately convey the sentence consequences of proceeding to trial instead of the stipulated bench trial. This error was clear and obvious and is subject to plain error review. Moreover, the court's error prejudiced defendant's decision to proceed by way of a stipulated bench trial because the minimum sentence stated by the court was based on its mistaken belief that the 15-year firearm enhancement was mandatory. *Supra*

7

¶ 16.  In actuality, defendant faced a potential minimum sentence of six years' imprisonment. *Supra* ¶ 17.  This error prevented the court from fulfilling its obligation to ensure that defendant understood the rights he was waiving as the court could not tell with certainty whether defendant knew that he was giving up his chance of receiving a 6-year sentence by proceeding to the stipulated bench trial and accepting the State's offer of a recommended 22-year sentence.  This error deprived defendant of his right to due process and it affected the fairness of the proceeding. Therefore, we find that this error is presumptively prejudicial and is reversible plain error.

                                          III. CONCLUSION

           The judgment of the circuit court of Peoria County is reversed and remanded.

           Reversed and remanded.