NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 230854-U

NO. 4-23-0854

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 29, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellant, | ) | Circuit Court of |
|     v. | ) | Rock Island County |
| JILVONTI BROOKSHAW, | ) | No. 23CF731 |
|     Defendant-Appellee. | ) | |
| | ) | Honorable |
| | ) | Frank R. Fuhr, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Justices Doherty and Knecht concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court's denial of the State's request for defendant's pretrial detention was proper.

¶ 2    The State appeals the Rock Island County circuit court's September 22, 2023, order denying its request for the pretrial detention of defendant, Jilvonti Brookshaw, under section 110-6.1(a)(1.5) of the Code of Criminal Procedure of 1963 (Procedure Code) as amended by Public Acts 101-652, § 10-255 and 102-1104, § 70 (eff. Jan. 1, 2023) (725 ILCS 5/110-6.1(a)(1.5) (West 2022)). On appeal, the State argues (1) aggravated battery of a peace officer is a forcible felony, (2) it showed defendant posed a real and present threat to the safety of the community, and (3) no condition or combination of conditions could mitigate that threat. We affirm.

¶ 3                      I. BACKGROUND

¶ 4    On September 21, 2023, the State charged defendant by information with three counts of aggravated battery of a peace officer (720 ILCS 5/12-3.05(d)(4) (West 2022)) for his actions on September 20, 2023. Count I alleged defendant knowingly caused bodily harm to Jeffrey Ronk, a Rock Island police officer, while Ronk was performing his official duties, in that defendant pulled Ronk's handcuffs from his hand causing injury to Ronk's hand. Ronk was also the victim in count II which asserted defendant knowingly made contact of an insulting or provoking nature with Ronk in that defendant struck Ronk on the head. Lastly, count III contended defendant knowingly made contact of an insulting or provoking nature with Tyler Anast-Schneider, a Rock Island police officer, while Anast-Schneider was performing his official duties, in that defendant pushed against the bill of Anast-Schneider's hat with enough force that it forced Anast-Schneider's head back.

¶ 5    The September 21, 2023, pretrial release report noted defendant refused to participate in the interview. It stated defendant had prior convictions for burglary, residential burglary, manufacturing or delivering 115 grams of cocaine, and extortion. Given defendant did not participate in the interview, the report did not make a recommendation regarding whether defendant should receive pretrial release.

¶ 6    Also, on September 21, 2023, the State filed a petition to deny defendant pretrial release and asserted defendant should be detained under section 110-6.1(a)(1.5) of the Procedure Code (725 ILCS 5/110-6.1(a)(1.5) (West 2022)). The petition also noted defendant's criminal history and asserted the incident underlying the charges began when defendant threatened to physically harm another customer in a store. He then refused to leave the premises and waited for the other customer to exit the store. Even when the police officers arrived, defendant continued to refuse to leave and then physically battered the officers. The factual basis in

- 2 -

support of pretrial detention stated officers were dispatched to a 7-Eleven convenience store to remove an unwanted subject. When the officers arrived, they observed defendant standing in front of the store's doors. Officer Anast-Schneider spoke with the store's clerk, who stated defendant had paid for gas but would not pump the gas or take a refund. Officer Anast-Schneider then advised defendant he needed to leave, and defendant responded, " 'Whatchu going to do?' " The officer escorted defendant to his vehicle, but defendant kept turning around to confront the officer. At one point, defendant turned around and pushed his forehead into the bill of Officer Anast-Schneider's hat hard enough to force the officer's head back. Officer Anast-Schneider pushed defendant back, and defendant grabbed the officer's arm. Defendant threatened the officer, saying he would " 'break [his] face.' " Officer Ronk arrived and attempted to handcuff defendant, but defendant grabbed the handcuffs out of Officer Ronk's hand causing an abrasion to Officer Ronk's hand. Both officers then tried to control defendant, but defendant was able to break free and use his hand to strike Officer Ronk on the head. Defendant later admitted he was waiting outside of 7-Eleven because "he wanted to slap Cammeron Ford for being a 'dick.' " The officers then spoke to Ford, who explained a vehicle pulled out abruptly from the pumps and almost struck his car. Ford told the driver to watch where he was going. Defendant approached Ford, and said, " 'Say I won't do something.' " Defendant then told Ford multiple times he would " 'slap the s*** out of [him].' " The store clerk had seen the argument and had allowed Ford to wait inside the store until defendant left, but defendant refused to leave.

¶ 7        On September 22, 2023, the circuit court held the detention hearing. The State argued defendant's pretrial release posed a real and present threat to the safety of any person or the community and the charges were detainable ones. The only new information the State

- 3 -

presented was defendant also had a conviction for resisting arrest. Defense counsel argued defendant was not charged with a detainable offense and the charges did not allege the threat or infliction of great bodily harm. The court found the charges did not allege great bodily harm and denied the State's request for detention. It entered a written conditions of pretrial release order which found defendant was not charged with a detention eligible offense. The court also entered a supplemental order for electronic monitoring.

¶ 8 That same day, the State filed a timely notice of appeal in sufficient compliance with Illinois Supreme Court Rule 604(h)(2) (eff. Sept. 18, 2023). Thus, this court has jurisdiction of defendant's appeal under Rule 604(h).

¶ 9 II. ANALYSIS

¶ 10 The State challenges the circuit court's denial of its request to detain defendant. Defendant contends the court's finding was proper. We review the court's finding on a request for pretrial detention under the abuse of discretion standard. *People v. Inman*, 2023 IL App (4th) 230864, ¶ 11. A circuit court abuses its discretion when its decision is "arbitrary, fanciful or unreasonable, or where no reasonable person would agree with the position adopted by the [circuit] court." (Internal quotation marks omitted.) *Inman*, 2023 IL App (4th) 230864, ¶ 10. To the extent our analysis involves statutory construction, we review that matter *de novo*. *People v. Lane*, 2023 IL 128269, ¶ 10.

¶ 11 The State first contends the circuit court erred by finding the charges in this case were not detainable ones under section 110-6.1(a)(1.5) of the Procedure Code (725 ILCS 5/110-6.1(a)(1.5) (West 2022)). That section provides the following:

> "[T]he defendant's pretrial release poses a real and present threat to the safety of
> any person or persons or the community, based on the specific articulable facts of

- 4 -

the case, and the defendant is charged with a forcible felony, which as used in this Section, means treason, first degree murder, second degree murder, predatory criminal sexual assault of a child, aggravated criminal sexual assault, criminal sexual assault, armed robbery, aggravated robbery, robbery, burglary where there is use of force against another person, residential burglary, home invasion, vehicular invasion, aggravated arson, arson, aggravated kidnaping, kidnaping, aggravated battery resulting in great bodily harm or permanent disability or disfigurement or any other felony which involves the threat of or infliction of great bodily harm or permanent disability or disfigurement." 725 ILCS 5/110-6.1(a)(1.5) (West 2022).

The provision requires the defendant to be charged with a forcible felony and then defines what a forcible felony is for purposes of the provision. As such, we do not look to other statutory provisions to define "forcible felony."

¶ 12    Here, the State charged defendant with aggravated battery of a peace officer. The provision provides aggravated battery is a forcible felony when it results "in great bodily harm or permanent disability or disfigurement." 725 ILCS 5/110-6.1(a)(1.5) (West 2022). As the circuit court noted, the State's charges did not allege the victims suffered great bodily harm or permanent disability or disfigurement. The only alleged injury was to Officer Ronk's hand. The State did not present any evidence the injury to Officer Ronk's hand was a significant injury.

¶ 13    The State argues the charges in this case fall under the "any other felony which involves the threat of or infliction of great bodily harm or permanent disability or disfigurement" language. 725 ILCS 5/110-6.1(a)(1.5) (West 2022). We disagree. The provision states "any *other* felony" after specifically identifying 18 felonies. (Emphasis added.) 725 ILCS 5/110-

6.1(a)(1.5) (West 2022). Such language indicates the legislature intended the "other felony" language to refer to felonies not previously identified. Since aggravated battery resulting in certain categories of injuries was identified, an aggravated battery not resulting in such injuries cannot fall under the "other felony" language.

¶ 14    In support of its argument an aggravated battery charge could fall under the "other felony" language, the State cites the decisions of *People v. Hall*, 291 Ill. App. 3d 411, 417-18, 683 N.E.2d 1274, 1278 (1997), and *People v. Jones*, 226 Ill. App. 3d 1054, 1056, 590 N.E.2d 101, 103 (1992), which found an aggravated battery could fall under the "other felony" language of what is now section 2-8 of the Criminal Code of 2012 (720 ILCS 5/2-8 (West 2022)) even though aggravated battery was one of the listed felonies. However, this court reached the opposite conclusion in *In re Rodney S.*, 402 Ill. App. 3d 272, 286-87, 932 N.E.2d 588, 601-02 (2010), finding the "other felony" language of section 2-8 referred to felonies not previously specified in the preceding list of felonies set forth in that section.

¶ 15    Accordingly, we find the circuit court properly found defendant was not charged with a forcible felony and thus could not be detained under section 110-6.1(a)(1.5) of the Procedure Code which was the only statutory basis the State asserted for defendant's detention. Given our conclusion, we do not address the State's other arguments.

¶ 16                        III. CONCLUSION

¶ 17    For the reasons stated, we affirm the Rock Island County circuit court's judgment.

¶ 18    Affirmed.