2024 IL App (3d) 230546

Opinion filed January 10, 2024

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Circuit No. 23-CF-694 |
| RAVEN CHANEL GRANDBERRY, | ) ) ) | Honorable Margaret M. O'Connell |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE ALBRECHT delivered the judgment of the court, with opinion.
Justices Holdridge and Peterson concurred in the judgment and opinion.

**OPINION**

¶ 1     Defendant, Raven Chanel Grandberry, appeals from the Du Page County circuit court's order granting the State's motion for pretrial detention, arguing that the court abused its discretion in finding that she was charged with a detainable offense. We reverse and remand.

¶ 2                              I. BACKGROUND

¶ 3     Defendant was indicted with two counts of aggravated battery of a peace officer (Class 2) (720 ILCS 5/12-3.05(d)(4) (West 2022)) and six counts of aggravated battery of a nurse (Class 3) (*id.* § 12-3.05(d)(11)) based on an April 2, 2023, incident. The indictments stated that defendant spit on officers and nurses and bit the finger of a nurse, causing bruising. Defendant's bond was

set at $100,000, and as conditions of bond, defendant was required to abstain from alcohol, wear a SCRAM device, and have no contact with the alleged victims. Defendant remained in custody due to her inability to pay.

¶ 4       On September 21, 2023, defendant filed a motion to reopen conditions of pretrial release. In response, the State filed a verified petition to deny pretrial release, alleging defendant was charged with a forcible felony, or any other felony which involved the threat of or infliction of great bodily harm or permanent disability or disfigurement, and her release posed a real and present threat to the safety of any person, persons, or the community under section 110-6.1(a)(1.5) of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-6.1(a)(1.5) (West 2022)).

¶ 5       The factual basis provided in pertinent part, on April 2, 2023, officers responded to multiple calls of a vehicle driving recklessly on the roadway. Officers conducted a traffic stop of defendant's vehicle and detected a strong odor of an alcoholic beverage. Defendant's speech was slurred, and she had bloodshot, watery, glossy eyes. There was an open bottle of wine within defendant's reach. Defendant became hostile towards paramedics. She went limp and refused to walk as she was being escorted to the ambulance. "Upon arrival at the hospital, the defendant began to spit on the floor. While being transferred to a hospital bed, the defendant struggled with the nurses and security and spit at them. The defendant also bit the finger of a nurse causing bruising." Defendant's known criminal history included a child restraint violation and a pending battery against a public safety official in Indiana.

¶ 6       A hearing was held on the petition on October 11, 2023. The State said, "When we say it is a forcible felony, it technically isn't because there was no great bodily harm." However, the State went on to argue, "we're following under a felony which involves the threat of an infliction of great bodily harm, so based on the defendant's conduct, we're saying there was a threat of great

2

bodily harm and she poses a risk to the safety of the public." Defense counsel disagreed that it was a forcible felony stating that, under the statute, an aggravated battery is only a forcible felony when it causes great bodily harm, not when the aggravating factor is a special victim. Defense counsel argued that the "any other felony" portion of the statute only included any offenses not listed, which would not encompass aggravated battery as charged. The court found that defendant was charged with a detainable offense. At the close of the hearing, the court found that the State had met its burden and granted the petition.

¶ 7                                                  II. ANALYSIS

¶ 8            On appeal, defendant contends that the court abused its discretion in granting the State's petition to detain as she was not charged with a detainable offense. We consider factual findings for the manifest weight of the evidence, but the ultimate decision to grant or deny the State's petition to detain is considered for an abuse of discretion. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. Under either standard, we consider whether the court's determination is arbitrary or unreasonable. *Id.*; see also *People v. Horne*, 2023 IL App (2d) 230382, ¶ 19. We consider issues of statutory construction *de novo*. *People v. Taylor*, 2023 IL 128316, ¶ 45.

¶ 9            Everyone charged with an offense is eligible for pretrial release, which may only be denied in certain situations. 725 ILCS 5/110-2(a), 110-6.1 (West 2022). The State must file a verified petition requesting the denial of pretrial release. *Id.* § 110-6.1. The State then has the burden of proving by clear and convincing evidence (1) the proof is evident or presumption great that defendant committed a detainable offense, (2) defendant poses a real and present threat to any person, persons, or the community or is a flight risk, and (3) no conditions could mitigate this threat or risk of flight. *Id.* § 110-6.1(e). When determining a defendant's dangerousness and the

3

conditions of release, the statute includes a nonexhaustive list of factors the court can consider. *Id.* §§ 110-6.1(g), 110-5.

¶ 10 Defendant argues that she was not charged with a detainable offense. Section 110-6.1(a) of the Code sets forth the various offenses eligible for pretrial detention. *Id.* § 110-6.1(a). The State specifically proceeded under section 110-6.1(a)(1.5), which states:

> "[T]he defendant's pretrial release poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, and the defendant is charged with a forcible felony, which as used in this Section, means treason, first degree murder, second degree murder, predatory criminal sexual assault of a child, aggravated criminal sexual assault, criminal sexual assault, armed robbery, aggravated robbery, robbery, burglary where there is use of force against another person, residential burglary, home invasion, vehicular invasion, aggravated arson, arson, aggravated kidnaping, kidnaping, aggravated battery resulting in great bodily harm or permanent disability or disfigurement or any other felony which involves the threat of or infliction of great bodily harm or permanent disability or disfigurement." *Id.* § 110-6.1(a)(1.5).

As the provision specifically defines what a forcible felony is for purposes of that section, we need not look elsewhere to define it.

¶ 11 Here, defendant was charged with aggravated battery of a peace officer and aggravated battery of a nurse. As stated above section 110-6.1(a)(1.5) provides that aggravated battery is a forcible felony when it results in great bodily harm or permanent disability or disfigurement. The State did not allege, and specifically conceded, that the victims did not suffer such injury. The facts that rendered the charges "aggravated" was solely the status of the victims as peace officers and

4

nurses. Aggravated battery of a peace officer or a nurse is not listed as a forcible felony in that section.

¶ 12 Instead, the State argued, and the court agreed, that defendant's charges fell under the "any other felony" portion of the statute. We disagree. The statute specifically lists 18 felonies that are considered forcible felonies and then states, "or any other felony which involves the threat of or infliction of great bodily harm or permanent disability or disfigurement." *Id.* This language means any felonies other than those listed. As the statute specifically enumerated a subset of aggravated battery as a forcible felony (aggravated battery resulting in great bodily harm or permanent disability or disfigurement), "other felony" must refer to felonies *other than* aggravated battery, not different subsets of aggravated battery like we have here. Moreover, we note that the list of forcible felonies includes some felonies without qualification, like robbery and aggravated robbery, and others with qualification, like aggravated battery resulting in great bodily harm or permanent disability or disfigurement and burglary where there is use of force against another person. Had the legislature intended to include all aggravated batteries, it would have done so. We find support for our position in the Fourth District's decision in *People v. Brookshaw*, 2023 IL App (4th) 230854-U, ¶ 13.

¶ 13 Therefore, we find that the court abused its discretion in granting the State's petition as defendant was not charged with a detainable offense, and we remand for the court to determine the appropriate conditions for defendant's pretrial release.

¶ 14                                    III. CONCLUSION

¶ 15 The judgment of the circuit court of Du Page County is reversed and remanded.

¶ 16 Reversed and remanded.