NOTICE

Decision filed 05/28/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 240353

NO. 5-24-0353

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Christian County. |
| | ) | |
| v. | ) | No. 24-CM-16 |
| | ) | |
| JARAD A. CHALLANS, | ) | Honorable |
| | ) | Amanda S. Ade-Harlow, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE CATES delivered the judgment of the court, with opinion.
Justices Welch and Sholar concurred in the judgment and opinion.

**OPINION**

¶ 1    The defendant, Jarad A. Challans, appeals the March 5, 2024, order of the circuit court of Christian County, denying the defendant's pretrial release pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)).[1] The defendant argues that the circuit court erred when it detained the defendant because he was not charged with a detainable offense as provided in section 110-6.1(a) of the Code (725 ILCS 5/110-6.1(a) (West 2022)). For the following reasons, we reverse the circuit court's order and remand for a new hearing to allow the circuit court to consider those mandatory conditions for defendant's pretrial release, pursuant

_____

[1]As amended by Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act (Act). See Pub. Act 101-652, § 10-255 (eff. Jan. 1, 2023); see also Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023).

1

to section 110-10 (725 ILCS 5/110-10 (West 2022)) and any other conditions deemed necessary under the particular facts of this case.

¶ 2                                    I. BACKGROUND

¶ 3    On March 5, 2024, the defendant was charged by information with one count of aggravated assault, a Class A misdemeanor (720 ILCS 5/12-2(b)(1) (West 2022) (miscited in the charging instrument as "720 ILCS 5/12-2(a)(1)")). On the same day, the State filed a verified petition to deny the defendant pretrial release. The State alleged in its verified petition that the proof is evident and the presumption great that the defendant committed an offense listed in section 110-6.1(a) of the Code (725 ILCS 5/110-6.1(a) (West 2022)) and that the defendant is charged with an offense under section 110-6.1(a)(1), (1.5), or (3) through (7) (725 ILCS 5/110-6.1(a)(1), (1.5), (3)-(7) (West 2022)) and the defendant posed a real and present threat to the safety of any person or persons or the community. The State's verified petition was supported by a police report from the defendant's arrest, which also described previous interactions between the police and the defendant. The victim in this case was James Challans, the defendant's father. The police report details that there was an extensive history between James and the defendant because James was the payee for the defendant's social security benefits. The defendant had a history of complaining that he had not received his money from James. Each time there was a complaint, police officers verified that James had given the defendant his money. They had determined in the past that James had given the defendant his money, only withholding enough money to keep the bank account active. Officers had previously witnessed the defendant yell and threaten to kill James on numerous occasions. The defendant had been arrested for criminal damage to James's door and was currently suspected of attempting to burn down James's house. That case was still under investigation. Following two separate incidents between the defendant and James, the defendant was

involuntarily admitted to Springfield Memorial Hospital for a mental health evaluation. Both times, the defendant was released from the hospital after about a week.

¶ 4        Also, on March 5, 2024, the circuit court held a hearing on the State's petition to deny the defendant's pretrial release. During the State's proffer it detailed the events that occurred on March 4, 2024, where officers were dispatched to the home of James Challans to remove the defendant from James's home. The defendant left James's home as requested by the officers and reported to the police department to make a statement. While at the police department, the defendant screamed and threatened to kill James to get his money. The defendant specifically threatened that he would kill James with a knife if he had to. The State noted that the defendant had been involuntarily committed twice for a mental health evaluation after displaying deeply concerning behavior, which officers described as "manic with delusional thoughts of rage and harm." The State asked that the court find probable cause for aggravated assault against James because the report listed James's age as 70 years old. The State alleged that the defendant was aware of James's age because he was the defendant's father. Based on the defendant's history, the State argued that the defendant's statements to officers and James would place James in a reasonable apprehension of receiving a battery. The State then proceeded to discuss the factors of dangerousness. The State noted that the defendant had not participated in the pretrial investigation report. As a result, there was no information regarding the defendant's mental health treatment or any relevant information on how to safely help the defendant. In addition, the State asked the court to take judicial notice of the defendant's criminal history, which included convictions for burglary in 2008 and domestic battery in 2012. The State then argued that while there was no physical contact with the victim in this case, the offense was of a violent nature as the defendant threatened to kill James. In further support of its position, the State argued that the defendant's criminal history and mental health history were

3

issues of concern, especially the mental health history because it displayed a pattern of behavior. The State stated that the main person at risk if the defendant was released was James, as there were ongoing incidents and they lived next door to one another. Additionally, the State argued that there was a potential that the defendant may seek retribution against James. There was no history that the defendant possessed or had access to weapons, but the State presumed that he had access to knives because of the threats he made against James. Due to the prior issues between the defendant and James, their proximity to each other, and the lack of information in the pretrial services investigation report, the State argued that there were no conditions or combinations of conditions that could mitigate the real and present threat to any person or persons or the community posed by the defendant. In conclusion, the State requested that the circuit court grant its petition to detain the defendant.

¶ 5    Defense counsel then argued that the defendant was not charged with a detainable offense. The State responded that section 110-6.1(a)(7) stated that any person that attempts to inflict harm upon another can be detained, which would include attempted domestic battery. Defense counsel replied that the defendant would need to be charged with that offense, and the defendant was not charged with domestic battery or attempted domestic battery. The circuit court was not persuaded by the defense counsel's argument regarding whether aggravated assault in this case was a nondetainable offense.

¶ 6    Defense counsel continued with its argument against the State's verified petition. Regarding the dangerousness factors, defense counsel asked the court to consider that the most recent criminal charge was from 2012. Defense counsel also requested that the court not view the defendant's failure to meet with pretrial services negatively because the defendant was maintaining his right to remain silent. Lastly, defense counsel believed that there were conditions that could

4

mitigate the real and present threat alleged by the State, including mental health treatment, a no contact order, and electronic monitoring.

¶ 7     After considering the proffers and arguments from counsel the circuit court found that "even if aggravated assault to an individual 60 years of age or older is not a qualifying offense for which detention can be ordered, the defendant could be charged with attempt domestic battery." The circuit court did not think that it was appropriate to increase or enhance charges against the defendant when the State had charged the defendant with an offense it believed appropriate under the circumstances. In addition, the court found that the proof was evident and the presumption great that the defendant committed the offense charged. Further, the circuit court found that it was proved by clear and convincing evidence that the defendant posed a real and present threat to James and the community and that no conditions or combination of conditions could mitigate the threat posed by the defendant's release. The defendant was ordered detained. Following the hearing, the circuit court entered a written order that detained the defendant and found that by clear and convincing evidence that the proof is evident or the presumption great that the defendant had committed a qualifying offense listed in paragraphs (1) through (7) of section 110-6.1(a) of the Code (725 ILCS 5/110-6.1(a)(1)-(7) (West 2022)) and the defendant posed a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case and no condition or combination of conditions could mitigate the real and present threat to the safety of any person or persons.

¶ 8     The defendant filed a timely notice of appeal on March 6, 2024. On appeal, the defendant argues that the circuit court's March 5, 2024, order should be reversed because the charged offense in this case was not detainable under section 110-6.1(a). The State filed a memorandum in response. The State argues that the defendant's risk to any person or the community warrants

5

detention despite not being charged with an explicitly detainable offense. In support, the State contends that the purpose of the Code is to allow the circuit court to be proactive when determining dangerousness and remanding this case for a new hearing or to require the State to recharge the defendant with detainable offense would not be what the legislature intended. Also, the State argued that the circuit court did not abuse its discretion when it ordered the defendant to be detained.

¶ 9                                II. ANALYSIS

¶ 10    Pretrial release is governed by article 110 of the Code (725 ILCS 5/art. 110 (West 2022)), as amended by the Act. Under the Code, a defendant's pretrial release may only be denied in certain statutorily limited situations. See 725 ILCS 5/110-2(a), 110-6.1 (West 2022). Upon filing a timely, verified petition requesting denial of pretrial release, the State has the burden to prove by clear and convincing evidence that the proof is evident or the presumption great that the defendant has committed a qualifying offense, that the defendant's pretrial release poses a real and present threat to the safety of any person or the community or a flight risk, and that less restrictive conditions would not avoid a real and present threat to the safety of any person or the community and/or prevent the defendant's willful flight from prosecution. 725 ILCS 5/110-6.1(e), (f) (West 2022). The trial court may order a defendant detained pending trial if the defendant is charged with a qualifying offense, and the trial court concludes the defendant poses a real and present threat to the safety of any person or the community (725 ILCS 5/110-6.1(a)(1)-(7) (West 2022)) or there is a high likelihood of willful flight to avoid prosecution (725 ILCS 5/110-6.1(a)(8) (West 2022)). The sole issue on appeal is whether the charged offense was a detainable offense as defined in section 110-6.1(a). Resolution of this issue requires us to interpret section 110-6.1(a) of the Code.

6

¶ 11    Statutory interpretation presents a question of law that is subject to *de novo* review. *People v. Smith*, 2016 IL 119659, ¶ 15. The primary object of statutory construction is to ascertain and give effect to the true intent of the legislature, and all other rules are subordinate to this principle. *People v. Jamison*, 229 Ill. 2d 184, 188 (2008). "The most reliable indicator of legislative intent is the language of the statute, given its plain and ordinary meaning." *People v. Clark*, 2019 IL 122891, ¶ 20. "A court must view the statute as a whole, construing words and phrases in light of other relevant statutory provisions and not in isolation." *Clark*, 2019 IL 122891, ¶ 20. "Each word, clause, and sentence of a statute must be given a reasonable meaning, if possible, and should not be rendered superfluous." *Clark*, 2019 IL 122891, ¶ 20.

¶ 12    The Code allows the circuit court to detain the defendant if "the defendant is charged with an attempt to commit any charge listed in paragraphs (1) through (6.5), and it is alleged that the defendant's pretrial release poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case." 725 ILCS 5/110-6.1(a)(7) (West 2022). The State suggests that the defendant is eligible for detention because he could have been charged with attempted aggravated stalking or attempted domestic battery, which are charges listed in paragraphs (2) and (4) respectively, and the defendant's dangerousness warrants detention. However, in this case, the defendant was not charged with either offense, but rather was charged with aggravated assault. Aggravated assault is not included in the vast list of detainable offenses contained in the Code. The language of the Code requires that the defendant "is charged with" with a detainable offense or an attempt of a detainable offense. 725 ILCS 5/110-6.1(a) (West 2022). The legislature did not include language that allows for the possibility of a charge, *e.g.*, "could be charged with." We cannot read any additional, permissible language into the Code. *People v. Gorss*, 2022 IL 126464, ¶ 10 ("[W]here the language used is plain and unambiguous, we

7

may not 'depart from its terms' or read into the rule exceptions, limitations, or conditions that conflict with the drafters' intent." (quoting *Acme Markets, Inc. v. Callanan*, 236 Ill. 2d 29, 38 (2009))). As a result, the court erred when it detained the defendant because the offense as charged is not a detainable offense.

¶ 13    Therefore, we reverse and remand for further proceedings. Upon remand, the circuit court is instructed to hold a prompt hearing to consider the mandatory conditions listed in section 110-10 and to impose any additional conditions necessary to ensure the defendant's appearance as required for the safety of the person or persons or the community.

¶ 14                                III. CONCLUSION

¶ 15    For the reasons stated, we reverse the circuit court's judgment and remand with directions that the court promptly set the case for hearing to address the defendant's pretrial release.

¶ 16    Reversed and remanded with directions.

*People v. Challans*, 2024 IL App (5th) 240353

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Christian County, No. 24-CM-16; the Hon. Amanda S. Ade-Harlow, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, State Appellate Defender, Carolyn R. Klarquist, Director of Pretrial Fairness Unit, Benjamin Wimmer, Assistant Appellate Defender, Office of the State Appellate Defender Pretrial Fairness Unit, of Chicago, for Appellant. |
| **Attorneys for Appellee:** | David Joseph Robinson, of State's Attorneys Appellate Prosecutor's Office, of Springfield, State's Attorney Appellate Prosecutor, Pretrial Fairness Act Unit, of Springfield, for the People. |