2024 IL App (1st) 240746-U

No. 1-24-0746B

Order filed June 3, 2024

Fifth Division

NOTICE: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 24600132001 |
| | ) | |
| DIONTE BAGGETT, | ) | Honorable |
| | ) | Jerome C. Barrido, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE NAVARRO delivered the judgment of the court.
Presiding Justice Mitchell and Justice Mikva concurred in the judgment.

**ORDER**

¶ 1  *Held*: Where aggravated battery of a child resulting in bodily harm is not an offense eligible for pretrial detention, we reverse the circuit court's detention order and remand the matter back to the circuit court to determine the appropriate conditions of pretrial release.

¶ 2  Defendant Dionte Baggett was charged with aggravated battery of a child resulting in bodily harm. Following a pretrial detention hearing, the circuit court found that he had committed an offense eligible for pretrial detention and ordered him detained while awaiting trial. Baggett now appeals the court's detention order and contends that the offense is not detainable pursuant to

Public Acts 101-652 and 102-1104 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act), which amended Article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-1 *et seq.* (West 2022)). Because we agree that aggravated battery of a child resulting in bodily harm is not a detainable offense, we reverse the court's detention order and remand the matter back to the circuit court to determine the appropriate conditions of pretrial release for Baggett.

¶ 3                                    I. BACKGROUND

¶ 4      In March 2024, Baggett was arrested and charged with aggravated battery of a child resulting in bodily harm (720 ILCS 5/12-3.05(b)(2) (West 2022)). The felony complaint alleged that Baggett hit the victim, a minor under the age of 13 years old, on the buttocks multiple times with a belt and intentionally caused the victim bodily harm. On the felony complaint, next to the name of the charged offense, it stated that the offense was "domestic related." Thereafter, the State filed a verified petition to detain Baggett while awaiting trial and asserted that aggravated battery of a child, which was "domestic" in nature, was detainable under the Act as a "domestic battery/aggravated domestic battery" under section 110-6.1(a)(4) of the Code (725 ILCS 5/110-6.1(a)(4) (West 2022)).

¶ 5      The circuit court subsequently held a detention hearing, where the State sought leave to amend its petition to allege that Baggett's charge of aggravated battery of a child resulting in bodily harm was also detainable under the Act as a "forcible felony" under section 110-6.1(a)(1.5) of the Code (*id.* § 110-6.1(a)(1.5)). Over the objection from Baggett's defense counsel, the circuit court allowed the State's amendment. Following the State's proffer and the parties' arguments, the circuit court found that Baggett had committed a detainable offense under both subsection (a)(1.5), as a forcible felony, and subsection (a)(4), as a form of domestic battery. The court also found that

the proof was evident, or the presumption great, Baggett committed aggravated battery of a child, that he posed a danger to his children and their mother, and that no conditions or combination of conditions of pretrial release could mitigate the threat. The court therefore ordered Baggett detained while awaiting trial.

¶ 6     This appeal followed.

¶ 7                                 II. ANALYSIS

¶ 8     Baggett contends that the circuit court erred in finding he committed an offense eligible for pretrial detention.[1] This issue requires us to interpret section 110-6.1(a) of the Code (*id.* § 110-6.1(a)), which lists the various offenses that are eligible for pretrial detention. In interpreting a statute, our primary objective is to determine and give effect to the legislature's intent. *People v. Schoonover*, 2021 IL 124832, ¶ 39. In doing so, the best indicator is the plain language of the statute. *People v. Perry*, 224 Ill. 2d 312, 323 (2007). If the statute's language is unambiguous and clear, we must apply the statute as written. *Id.* We review an issue of statutory interpretation *de novo*. *People v. Stoecker*, 2014 IL 115756, ¶ 21.

¶ 9     As noted, section 110-6.1(a) lists the various offenses that are eligible for pretrial detention. 725 ILCS 5/110-6.1(a) (West 2022). In this case, the circuit court found aggravated battery of a child resulting in bodily harm—charged under section 12-3.05(b)(2) of the Criminal Code of 2012 (720 ILCS 5/12-3.05(b)(2) (West 2022))—was detainable under sections 110-6.1(a)(1.5) and 110-6.1(a)(4) of the Code (725 ILCS 5/110-6.1(a)(1.5), (4) (West 2022)).

---

[1] The State did not file a responding memorandum.

¶ 10     We begin with whether aggravated battery of a child resulting in bodily harm is a detainable offense under section 110-6.1(a)(1.5) of the Code. That section provides, in relevant part, that a defendant is eligible to be detained pretrial if he

> "is charged with a forcible felony, which as used in this Section, means treason, first degree murder, second degree murder, predatory criminal sexual assault of a child, aggravated criminal sexual assault, criminal sexual assault, armed robbery, aggravated robbery, robbery, burglary where there is use of force against another person, residential burglary, home invasion, vehicular invasion, aggravated arson, arson, aggravated kidnaping, kidnaping, aggravated battery resulting in great bodily harm or permanent disability or disfigurement or any other felony which involves the threat of or infliction of great bodily harm or permanent disability or disfigurement." *Id.* § 110-6.1(a)(1.5).

Subsection (a)(1.5) refers to 18 specifically enumerated felonies that constitute a forcible felony and includes a residual clause for non-specifically enumerated felonies "involv[ing] the threat of or infliction of great bodily harm or permanent disability or disfigurement," which also constitute a forcible felony. *Id.* The offense of aggravated battery of a child resulting in bodily harm is not one of the 18 enumerated offenses. See *id.* As such, aggravated battery of a child resulting in bodily harm can only constitute a forcible felony if it is "any other felony which involves the threat of or infliction of great bodily harm or permanent disability or disfigurement." *Id.*

¶ 11     *People v. Grandberry*, 2024 IL App (3d) 230546, is instructive in resolving this question. There, the appellate court found that aggravated battery to a peace officer and aggravated battery to a nurse were not forcible felonies under subsection (a)(1.5). *Id.* ¶¶ 11-13. In so finding, the appellate court determined that, when subsection (a)(1.5) refers to " 'any other felony,' " this

"means any felonies other than those listed" preceding. *Id.* ¶ 12. "As the statute specifically enumerated a subset of aggravated battery as a forcible felony (aggravated battery resulting in great bodily harm or permanent disability or disfigurement), 'other felony' must refer to felonies *other than* aggravated battery, not different subsets of aggravated battery like we have here." (Emphasis in original.) *Id.* The appellate court further observed "that the list of forcible felonies includes some felonies without qualification, like robbery and aggravated robbery, and others with qualification, like aggravated battery resulting in great bodily harm or permanent disability or disfigurement and burglary where there is use of force against another person." *Id.* According to the appellate court, "[h]ad the legislature intended to include all aggravated batteries" as forcible felonies, "it would have done so." *Id.*; see also *People v. Brooks*, 2024 IL App (4th) 240503, ¶¶ 20-21 (agreeing with *Grandberry* and concluding that aggravated battery based solely on the location of the conduct at issue was not a forcible felony under the Act); *People v. Brookshaw*, 2023 IL App (4th) 230854-U, ¶¶ 12-15 (concluding aggravated battery of a peace officer not a forcible felony under the Act).

¶ 12     We find the reasoning of *Grandberry* persuasive and agree that our legislature intended the residual clause of subsection (a)(1.5) to refer to felonies other than the specifically enumerated ones. As such, aggravated battery of a child resulting in bodily harm cannot be considered "any other felony" for purposes of the residual clause. Consequently, the offense is not a forcible felony under section 110-6.1(a)(1.5) of the Code (725 ILCS 5/110-6.1(a)(1.5) (West 2022)), and Baggett could not be detained on that basis.

¶ 13     Having found that aggravated battery of a child resulting in bodily harm is not detainable under subsection (a)(1.5), we now turn to whether the offense is detainable under subsection (a)(4). Section 110-6.1(a)(4) of the Code provides, in relevant part, that a defendant is eligible to be

detained pretrial if he is "charged with domestic battery or aggravated domestic battery under Section 12-3.2 or 12-3.3 of the Criminal Code of 2012." *Id.* § 110-6.1(a)(4). Although the State's proffer at the detention hearing showed that the victim was Baggett's son and the allegations against Baggett seemingly could form the basis for a domestic battery charge, the State did not charge Baggett with domestic battery or aggravated domestic battery under section 12-3.2 or 12-3.3 of the Criminal Code of 2012. Rather, the State charged Baggett with aggravated battery of a child resulting in bodily harm under section 12-3.05(b)(2) of the Criminal Code of 2012 (720 ILCS 5/12-3.05(b)(2) (West 2022)), which is not one of the two enumerated sections of the Criminal Code of 2012 in section 110-6.1(a)(4) of the Code (725 ILCS 5/110-6.1(a)(4) (West 2022)). Consequently, Baggett's charged offense was not a detainable offense under subsection (a)(4).

¶ 14   As the State did not charge Baggett with an offense eligible for pretrial detention, the circuit court erred in granting the State's petition for pretrial detention. Therefore, we remand the matter to the circuit court to determine the appropriate conditions of pretrial release for Baggett. See *Grandberry*, 2024 IL App (3d) 230546, ¶ 13. Additionally, because we conclude that Baggett cannot be detained while awaiting trial, the mandate in this case shall issue *instanter.* See *People v. McDonald*, 2024 IL App (1st) 232414, ¶ 44.

¶ 15                                  III. CONCLUSION

¶ 16   For the reasons stated, we reverse the judgment of the circuit court of Cook County and remand for further proceedings.

¶ 17   Reversed and remanded.