NOTICE
Decision filed 07/30/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 240588

NO. 5-24-0588

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellant, | ) ) | Vermilion County. |
| v. | ) ) | No. 24-CF-253 |
| STETTSON DUNCAN, | ) ) | Honorable Robert E. McIntire, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court, with opinion.
Justices Moore and Boie concurred in the judgment and opinion.

**OPINION**

¶ 1   The State appeals the Vermilion County circuit court's order granting defendant, Stettson Duncan, pretrial release pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)).[1] The State argues that the circuit court erred by finding that defendant was not charged with a detainable offense as provided in section 110-6.1(a)(1.5) of the Code (725 ILCS 5/110-6.1(a)(1.5) (West 2022)). For the following reasons, we reverse the circuit court's order and remand the matter for a new hearing consistent with this opinion.

_____

[1]As amended by Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act. See Pub. Act 101-652, § 10-255 (eff. Jan. 1, 2023); see also Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023).

1

¶ 2                              I. Background

¶ 3     On April 18, 2024, the State charged defendant by information with the following: one count of aggravated battery by strangulation (720 ILCS 5/12-3.05(a)(5) (West 2022)), a Class 3 felony; one count of possession of a controlled substance (720 ILCS 570/402(c) (West 2022)), a Class 4 felony; and two counts of battery (720 ILCS 5/12-3(a)(1), (2) (West 2022)), Class A misdemeanors. The State alleged that the offenses took place on April 17, 2024. In support of the aggravated battery and battery counts, the State alleged that defendant strangled and grabbed the neck of the victim, Amber Drullinger.

¶ 4     Also, on April 18, 2024, the State filed a verified petition to deny defendant pretrial release. The State alleged in the petition that defendant was "charged with an offense under Section 110-6.1(a)(1), (1.5) or (3) through (7)," that defendant posed a real and present threat to the safety of any person or persons or the community, and that no condition or combination of conditions could mitigate the real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case. The State specifically noted that defendant committed a felony involving the threat of great bodily harm or permanent disability or disfigurement.

¶ 5     On April 19, 2024, the circuit court held a pretrial detention hearing. The State first contended that defendant committed a detainable offense, where he committed an offense that involved the threat of great bodily harm or permanent disability or disfigurement. The State proffered that defendant, who was intoxicated, began choking the victim, Amber, as she drove defendant to the liquor store. Amber stopped the vehicle when it became difficult for her to breathe. Defendant exited the vehicle, and Amber drove to her parents' house, where she called police. Police responded and observed red markings on Amber's neck. Police subsequently located

2

defendant, who denied choking Amber. Defendant claimed that Amber fabricated the incident. Police found cocaine in defendant's possession.

¶ 6    The State proffered that there were three separate orders of protection against defendant. The State noted that some victims "in those orders of protection describe the same exact behavior of this defendant, choking, in front of their children; and in prior cases in those orders of protection, judges here in this county have granted those orders of protection." The State noted that defendant had three pending cases that were all violent, domestic violence-related offenses involving different victims. The State further noted that defendant had prior criminal convictions for aggravated battery, possession of a controlled substance, and battery, as well as a juvenile conviction for aggravated battery.

¶ 7    The State argued that it proved by clear and convincing evidence that defendant committed "this offense" and that he posed a real and present threat to the safety of the victim and the community at large. The State highlighted the fact that defendant strangled the victim while she was driving a car, which could have caused the victim to lose consciousness and cross into another lane of traffic or strike a pedestrian. The State argued that the offense was detainable because defendant's act of strangling or choking the victim threatened great bodily harm.

¶ 8    Defense counsel argued that the offense of aggravated battery, as charged by the State, was not one of the 18 forcible felonies listed in section 110-6.1(a)(1.5) (725 ILCS 5/110-6.1(a)(1.5) (West 2022)). Defense counsel also argued that the offense of aggravated battery by strangulation did not fall under the residual clause of section 110-6.1(a)(1.5). The residual clause of section 110-6.1(a)(1.5) makes "any other felony which involves the threat of or infliction of great bodily harm or permanent disability or disfigurement" detainable. *Id.*. Defense counsel relied on *People v. Grandberry*, 2024 IL App (3d) 230546, in which the Third District held that the offenses of

3

aggravated battery of a peace officer and aggravated battery of a nurse were not detainable offenses under section 110-6.1(a)(1.5).

¶ 9    The circuit court found that the proof was evident and the presumption great that defendant committed the charged offense of aggravated battery by strangulation and that defendant posed a real and present threat to the safety of the victim and the community at large. In so finding, the court relied on defendant's criminal history and the nature and circumstances of the offense. The court also found that there was no condition or combination of conditions that could mitigate the threat defendant posed. The court stated, in pertinent part, as follows:

> "So essentially what I have done and hope that the record is very clear that I have checked all the boxes that would be [*sic*] need to be checked if this were a detainable offense. I find [defense counsel's] argument well thought out. I find it compelling. I find it absurd that were [the victim] a family member, under the Domestic Violence Act, that [defendant] unquestionably could be detained. *** According to *Grandberry*, and which I think and I don't see any contrary Fifth District authority yet, but under *Grandberry*, *** what they have said is since aggravated battery causing great bodily harm or permanent disfigurement is a named felony, they suggest—well, they don't suggest. They rule that all other forms of aggravated battery don't fit under the residuary clause. And so frankly, I find it an absurdity that apparently strangling a domestic partner is a detainable offense and strangling someone who is a stranger isn't. At least according to what I understand the case law to be.
>
> And so reluctantly, I am going to deny the State's petition based on my understanding of the cases that the People have not charged a detainable offense."

4

¶ 10     Also, on April 19, 2024, the circuit court entered a written "opinion" and a conditions of pretrial release order. In the opinion, the court reiterated the findings it made at the detention hearing. The court also found that "while the offense as alleged does not require proof of great bodily harm as an element, the facts presented support a finding, and the court so finds, that in this particular case Defendant's conduct threatened great bodily harm or permanent disability or disfigurement." In the conditions of pretrial release order, the court found that defendant was not charged with a detention-eligible offense. The court ordered defendant's release under the conditions that he appear in court to answer the charge as ordered by the court, submit to the orders and process of the court, not violate any criminal statute of any jurisdiction, and file written notice with the clerk within 24 hours after a change of address. In addition, the court ordered defendant to report to pretrial services, not leave Illinois, refrain from possessing a firearm or other dangerous weapon, and have no contact with the victim and/or the victim's residence. The court further ordered that defendant be subject to electronic global positioning system (GPS) monitoring.

¶ 11     On April 23, 2024, the State filed a verified petition to request relief pursuant to Illinois Supreme Court Rule 604(h) (eff. Apr. 15, 2024). The State generally asserted in the petition that defendant was charged with an offense listed under, *inter alia*, section 110-6.1(a)(1.5), where the charged offense was a felony involving a threat of great bodily harm. Thus, the State requested that the circuit court reconsider defendant's detention.

¶ 12     On April 26, 2024, the circuit court held a hearing on the State's petition for relief. The State stood on its petition. Defense counsel stated, "No error was alleged in the petition, Your Honor." The court responded, "Well it is actually alleged, it's just—but I understand your position to be that the—you know, that the—essentially, the petition should be denied based on the law." The court reiterated its prior determination that it would have ordered defendant detained if he had

5

been charged with a detainable offense. The court explained that, based on its understanding of the case law, aggravated battery by strangulation was excluded as a detainable offense. Thus, the court denied the State's petition for relief.

¶ 13    Also, on April 26, 2024, the State filed a notice of appeal pursuant to Illinois Supreme Court Rule 604(h)(2) (eff. Apr. 15, 2024). The Office of the State Appellate Defender was appointed to represent defendant on appeal.

¶ 14                                              II. Analysis

¶ 15    On appeal, the State argues that this court should reverse the circuit court's order granting defendant pretrial release because defendant was charged with a detainable offense. Specifically, the State argues that defendant was charged with a "forcible felony" under section 110-6.1(a)(1.5). In response, defendant argues that this court should affirm the court's order granting him pretrial release because "no error was preserved in the State's motion for relief and [he] was not charged with a detainable offense."

¶ 16    We first address defendant's argument that no error was preserved in the State's petition for relief. Rule 604(h)(2) provides as follows:

> "As a prerequisite to appeal, the party taking the appeal shall first present to the trial court a written motion requesting the same relief to be sought on appeal and the grounds for such relief. The trial court shall promptly hear and decide the motion for relief. Upon appeal, any issue not raised in the motion for relief, other than errors occurring for the first time at the hearing on the motion for relief, shall be deemed waived." Ill. S. Ct. R. 604(h)(2) (Apr. 15, 2024).

¶ 17    Here, the State's petition for relief alleged that defendant was charged with an offense listed under section 110-6.1(a)(1.5) and that the charged offense was a felony involving a threat of great

6

bodily harm. At the hearing on the petition for relief, defense counsel stated that no error was alleged in the petition, and the circuit court responded, "Well it is actually alleged, it's just—but I understand your position to be that the—you know, that the—essentially, the petition should be denied based on the law." We acknowledge that the State's petition did not specifically allege that the court erred in its application of the law. While the State's petition could have been more artfully worded, we conclude that the State's petition was sufficient to notify the court of the alleged error, as evidenced by the court's statement to defense counsel and the court's ruling on the State's petition. Thus, we reject defendant's argument that the State waived review of the alleged error on appeal.

¶ 18    We next consider whether the circuit court erred by determining that aggravated battery by strangulation was not a detainable offense under section 110-6.1(a)(1.5). We note that our resolution of this issue requires us to interpret various statutes. "Statutory interpretation presents a question of law that is subject to *de novo* review." *People v. Challans*, 2024 IL App (5th) 240353, ¶ 11 (citing *People v. Smith*, 2016 IL 119659, ¶ 15). "The primary object of statutory construction is to ascertain and give effect to the true intent of the legislature, and all other rules are subordinate to this principle." *Id.* (citing *People v. Jamison*, 229 Ill. 2d 184, 188 (2008)). "The most reliable indicator of legislative intent is the language of the statute, given its plain and ordinary meaning." *People v. Clark*, 2019 IL 122891, ¶ 20. "A court must view the statute as a whole, construing words and phrases in light of other relevant statutory provisions and not in isolation." *Id.* "Each word, clause, and sentence of a statute must be given a reasonable meaning, if possible, and should not be rendered superfluous." *Id.*

¶ 19    Pretrial release is governed by article 110 of the Code (725 ILCS 5/art. 110 (West 2022)), as amended by Public Act 101-652 (eff. Jan. 1, 2023). Under the Code, a defendant's pretrial

7

release may only be denied in certain statutorily limited situations. See 725 ILCS 5/110-2(a), 110-6.1 (West 2022). The circuit court may order a defendant detained pending trial if the defendant is charged with a qualifying offense and the court concludes the defendant poses a real and present threat to the safety of any person or the community (*id.* § 110-6.1(a)(1)-(7)) or there is a high likelihood of willful flight to avoid prosecution (*id.* § 110-6.1(a)(8)).

¶ 20 "The language of the Code requires that the defendant 'is charged with' a detainable offense or an attempt of a detainable offense." *Challans*, 2024 IL App (5th) 240353, ¶ 12 (quoting 725 ILCS 5/110-6.1(a) (West 2022)). The State, here, alleged that defendant was charged with a forcible felony made detainable under section 110-6.1(a)(1.5). Section 110-6.1(a)(1.5) of the Code provides, in pertinent part, as follows:

"[T]he defendant is charged with a forcible felony, which as used in this Section, means treason, first degree murder, second degree murder, predatory criminal sexual assault of a child, aggravated criminal sexual assault, criminal sexual assault, armed robbery, aggravated robbery, robbery, burglary where there is use of force against another person, residential burglary, home invasion, vehicular invasion, aggravated arson, arson, aggravated kidnaping, kidnaping, aggravated battery resulting in great bodily harm or permanent disability or disfigurement or any other felony which involves the threat of or infliction of great bodily harm or permanent disability or disfigurement[.]" 725 ILCS 5/110-6.1(a)(1.5) (2022).

¶ 21 Here, the State charged defendant with aggravated battery in violation of section 12-3.05(a)(5) of the Criminal Code of 2012 (Criminal Code) (720 ILCS 5/12-3.05(a)(5) (West 2022)). Section 12-3.05(a)(5) provides that a person commits aggravated battery when, in committing a

8

battery, he or she knowingly strangles another individual. *Id.* At issue is whether an aggravated battery by strangulation is a detainable offense under section 110-6.1(a)(1.5).

¶ 22    The State first argues that an aggravated battery by strangulation is an "aggravated battery resulting in great bodily harm or permanent disability or disfigurement"—one of the 18 forcible felonies listed in section 110-6.1(a)(1.5). We disagree.

¶ 23    Section 12-3.05(a) of the Criminal Code provides:

"(a) Offense based on injury. A person commits aggravated battery when, in committing a battery, other than by the discharge of a firearm, he or she knowingly does any of the following:

(1) Causes great bodily harm or permanent disability or disfigurement.

(2) Causes severe and permanent disability, great bodily harm, or disfigurement by means of a caustic or flammable substance, a poisonous gas, a deadly biological or chemical contaminant or agent, a radioactive substance, or a bomb or explosive compound.

(3) Causes great bodily harm or permanent disability or disfigurement to an individual whom the person knows to be a peace officer, community policing volunteer, fireman, private security officer, correctional institution employee, or Department of Human Services employee supervising or controlling sexually dangerous persons or sexually violent persons:

* * *

(4) Causes great bodily harm or permanent disability or disfigurement to an individual 60 years of age or older.

(5) Strangles another individual." *Id*. § 12-3.05(a).

9

¶ 24 The State observes that "[t]he aggravated battery statute includes offenses based on the nature of the injury, offenses based on injury to a child or person with an intellectual disability, offenses based on location of the conduct, and offenses based on the status of the victim." See *id.* § 12-3.05(a)-(d). The State asserts that aggravated battery by strangulation falls under the category of offenses based on injury, evidencing the legislature's intent to include aggravated battery by strangulation in the same category as other offenses that involve great bodily harm or permanent disability or disfigurement. According to the State, "[i]t would be redundant to show strangulation as an offense which involves 'the threat of or infliction of great bodily harm or permanent disability or disfigurement.' " The State acknowledges that the other offenses listed in subsection (a) contain the phrases "bodily harm or permanent disability" as descriptive language but claims the same descriptive language "is not necessary for the act of strangulation" because the harm is "self-evident." The State notes that the legislature defined the word "strangle" as "intentionally impeding the normal breathing or circulation of the blood of an individual by applying pressure to the throat or neck of that individual or by blocking the nose or mouth of that individual." *Id*. § 12-3.05(i).

¶ 25 However, the State fails to acknowledge that the legislature also included a provision that elevates an aggravated battery based on strangulation from a Class 3 felony to a Class 1 felony when, *inter alia*, "the person caused great bodily harm or permanent disability or disfigurement to the other person while committing the offense." *Id.* § 12-3.05(h)(B). The legislature's inclusion of this provision indicates that the legislature contemplated situations where strangulation would not cause great bodily harm or permanent disability or disfigurement. The State, here, charged defendant with a Class 3 felony aggravated battery by strangulation and did not allege that defendant caused great bodily harm or permanent disability or disfigurement. Accordingly, we

10

reject the State's argument that aggravated battery by strangulation, as charged here, is an "aggravated battery resulting in great bodily harm or permanent disability or disfigurement"—one of the 18 forcible felonies listed in section 110-6.1(a)(5)(1.5).

¶ 26 The State next argues that an aggravated battery by strangulation falls under the residual clause of section 110-6.1(a)(1.5), which provides that "any other felony which involves the threat of or infliction of great bodily harm or permanent disability or disfigurement" is detainable. We agree.

¶ 27 As defendant correctly notes, several appellate courts have rejected similar arguments. See *Grandberry*, 2024 IL App (3d) 230546; *People v. Brooks*, 2024 IL App (4th) 240503. In *Grandberry*, the defendant was charged with two counts of aggravated battery of a peace officer (based on the defendant's act of spitting) (720 ILCS 5/12-3.05(d)(4) (West 2022)) and six counts of aggravated battery of a nurse (based on the defendant's act of biting) (*id.* § 12-3.05(d)(11)). *Grandberry*, 2024 IL App (3d) 230546, ¶ 3. The circuit court found that the defendant was charged with a detainable offense. *Id.* ¶ 6. On appeal, the Third District concluded that aggravated battery of a peace officer and aggravated battery of a nurse were not listed as forcible felonies in section 110-6.1(a)(1.5). *Id.* ¶ 11. The Third District also rejected the State's argument that the "defendant's charges fell under the 'any other felony' portion of the statute." *Id.* ¶ 12. In doing so, the Third District reasoned as follows:

"The statute specifically lists 18 felonies that are considered forcible felonies and then states 'or any other felony which involves the threat of or infliction of great bodily harm or permanent disability or disfigurement.' [Citation.] This language means any felonies other than those listed. As the statute specifically enumerated a subset of aggravated battery as a forcible felony (aggravated battery resulting in great bodily harm or permanent

11

disability or disfigurement), 'other felony' must refer to felonies *other than* aggravated battery, not different subsets of aggravated battery like we have here. Moreover, we note that the list of forcible felonies includes some felonies without qualification, like robbery and aggravated robbery, and others with qualification, like aggravated battery resulting in great bodily harm or permanent disability or disfigurement and burglary where there is use of force against another person. Had the legislature intended to include all aggravated batteries, it would have done so." (Emphasis in original.) *Id.* ¶ 12.

Thus, the Third District found that the circuit court abused its discretion by granting the State's petition for detention because the defendant was not charged with a detainable offense and remanded the matter back to the circuit court for the court to determine appropriate conditions for pretrial release. *Id.* ¶ 13.

¶ 28 The Fourth District has followed the reasoning of *Grandberry*. See *Brooks*, 2024 IL App (4th) 240503, ¶¶ 20, 21 (following the reasoning of *Grandberry* and concluding that aggravated battery charge based on the location of the conduct at issue did not fall under the residual clause of section 110-6.1(a)(1.5)). We note that, while similar, *Grandberry* and *Brooks* did not address the specific issue before this court—whether aggravated battery by strangulation is a forcible felony under section 110-6.1(a)(1.5). After careful consideration, we decline to follow the reasoning of *Grandberry* to the extent it applies here. See *O'Casek v. Children's Home & Aid Society of Illinois*, 229 Ill. 2d 421, 440 (2008) ("[T]he opinion of one district, division, or panel of the appellate court is not binding on other districts, divisions, or panels.").

¶ 29 In our view, the Third District improperly focused on the single word "other" in interpreting section 110-6.1(a)(1.5). In viewing the statute as a whole, including the legislature's use of the words "*any* other felony" that "*involves* the threat of or infliction of great bodily harm or permanent

12

disability or disfigurement," it is our view that the legislature included a residual clause to serve as a "catch-all" mechanism, which allows the circuit courts to examine the specific facts and circumstances of the charged offense and determine whether the defendant's conduct implicates the residual clause of section 110-6.1(a)(1.5). It is our interpretation that the legislature's inclusion of the residual clause was intended to focus on whether the conduct *threatened* or *caused* great bodily harm—not on the specific felony offense committed. It is clear that the circuit court is in the best position to evaluate the specific facts and circumstances of each case and determine if pretrial release is appropriate or if detention is necessary to protect the public. See 725 ILCS 5/110-2 (West 2022) (one purpose of the Code is to protect the safety of any other person or the community); see also *People v. Jones*, 226 Ill. App. 3d 1054, 1056 (1992) ("In seeking the intent of the legislature the courts will not only consider the language used but also the evil to be remedied and the object to be obtained."). Thus, our interpretation of the residual clause allows the circuit court to carefully examine the facts and circumstances of each case, consider whether the conduct at issue is a felony that involves the threat of or infliction of great bodily harm or permanent disability or disfigurement, and determine if detention is appropriate. See *Jones*, 226 Ill. App. 3d at 1056 ("Although we believe our interpretation is what the legislature intended, we would welcome further clarification by the legislature.").

¶ 30    We note that, here, the circuit court expressly stated that, but for *Grandberry*, it would order defendant detained based on its finding that defendant's conduct threatened great bodily harm or permanent disability or disfigurement. The State's proffer demonstrated that defendant strangled the victim while the victim was operating a vehicle on a roadway. In our view, the conduct at issue in the present case is precisely the conduct the legislature contemplated when including the residual clause in section 110-6.1(a)(1.5).

13

¶ 31    Therefore, we decline to follow the reasoning of *Grandberry* to the extent it applies here and conclude that the circuit court, in following that case, erred by determining that aggravated battery by strangulation was not a detainable offense under section 110-6.1(a)(1.5). We hold that the offense of aggravated battery by strangulation may fall under the "any other felony" portion of section 110-6.1(a)(1.5) if the circuit court determines that the offense involves the threat of or infliction of great bodily harm or permanent disability or disfigurement.

¶ 32                                  III. Conclusion

¶ 33    For the foregoing reasons, we reverse the order of the circuit court of Vermilion County and remand the matter back to the circuit court for further proceedings consistent with this opinion.

¶ 34    Reversed and remanded.

*People v. Duncan*, 2024 IL App (5th) 240588

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Vermilion County, No. 24-CF-253; the Hon. Robert E. McIntire, Judge, presiding. |
| **Attorneys for Appellant:** | Patrick Delfino and David J. Robinson, of State's Attorneys Appellate Prosecutor's Office, of Springfield, for the People. |
| **Attorneys for Appellee:** | James E. Chadd, Carolyn R. Klarquist, and Samuel B. Steinberg, of State Appellate Defender's Office, of Chicago, for appellee. |